M. S. McGREGOR v. OLIN C. HAMMOCK.

154 So. 191.

Division B.

Opinion Filed March 9, 1934.

*M. S. McGregor,* for Appellant;

*Elmer R. Jones,* for Appellee.

BUFORD, J.—In this case notice of appeal was entered in the court below on the 5th day of February, 1932, and recorded on the same day. The appeal was returnable on the 3rd day of May, 1932. On October 9, 1933, appellee filed motion to dismiss because of failure of the appellant to file transcript in this Court in compliance with the rules. The motion was considered by the Court and on the 31st day of October, 1933, an order was entered wherein and whereby the motion to dismiss was granted and the cause dismissed unless the appellant should file transcript of record within sixty days from that date. The transcript was not filed within sixty days from that date and neither was any motion filed for rehearing on that order within fifteen days from the issuance thereof.

The order for mandate of this Court to issue was entered on January 4th, 1934, pursuant to its order of October 31st, 1933, wherein and whereby the motion was dismissed. The mandate was issued from this Court by being transmitted to the clerk of the court below on the 5th day of January, 1934, and in due course was filed in that court.

All of this happened during the June Term (1933) of this Court. That term closed by expiration of time on January 8, 1934, and the January Term, 1934, began on

the 9th day of January, 1934. On January 11, 1934, appellant filed the transcript here. On January 16th, 1934, appellant filed motion to reinstate the cause on the docket and an order was entered on January 22, 1934, granting the motion to reinstate the cause.

Appellee on the 27th day of January, 1934, filed motion for rehearing on the order reinstating the cause and the case is before us now on the rehearing granted February 7th, 1934.

It will be seen from the above statement of the progress of the cause here that this Court lost jurisdiction of the cause when the same was dismissed by the order of this Court on October 31, 1933, and that order became effective by the non-performance of the requirements thereof sixty days after the date thereof and the mandate of this Court issued in due course and before any petition for rehearing on that order of October 31, 1933, had been filed. The petition for re-hearing was not made until long after the time had expired in which it could be made under the rules of Court to effect a change in the order of October 31, 1933. After the mandate had gone down to the court below the Term of the Court at and in which it issued expired and thereupon this Court lost jurisdiction of the cause, unless the mandate was issued because of inadvertence, mistake or error. See Chapman v. St. Stephens Protestant Episcopal Church, Inc., *et al.,* 105 Fla. 683, 138 Sou. 630. See also 139 Sou. 188. See also State, *ex rel.* Davis v. City of Clearwater, reported 146 Sou. 836.

The order of October 31, 1933, was not entered by reason of error, inadvertence or mistake, but was an entirely proper, reasonable and right order to have been made under the circumstances of the case at that time. No motion was made for rehearing or reconsideration of that order until

after the expiration of the term of the Court at which it was made, until after the mandate had gone down, nor until after the expiration of more than sixty days from the date of the order and, therefore, it is clearly apparent that this Court was without jurisdiction to make and enter the order reinstating the cause which was made and entered on the 22nd day of January, 1934, and for that reason the motion to vacate and set aside that order should be and the same is hereby granted.

Order of January 22, 1934, reinstating above styled cause on the docket is now vacated.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS, J., concur in the opinion and judgment.

TERRELL, J., not participating.