DREW, Justice.
The concluding statement of this Court in its opinion of March 22, 1961, 128 So.2d 386, 388, was that “the judgment of the District Court of Appeal, Third District, is quashed * * * and the judgment of the Circuit Court, Dade County, is affirmed.” On receipt of the foregoing opinion and judgment, the District Court, Fla.App., 128 So.2d 887, issued the following order on mandate:
“Whereas, the judgment of this court was entered on the 12th day of September, 1960, reversing the decree of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in the above styled cause, dated September 23, 1959; and
“Whereas, on review of this court’s judgment, by certiorari, the Supreme Court of Florida, by its opinion and judgment filed March 22, 1961, 128 So.2d 386 quashed this court’s judgment of reversal; and
“Whereas, by the mandate of the Supreme Court of Florida, dated April 18, 1961, now lodged in this court the decree of the Circuit Court, Dade County, was affirmed. It is so ordered.
“Therefore, it is ordered that the mandate of this court issue forthwith; costs allowed shall be taxed in the circuit court (Rule 3.16, subd. b, Florida Appellate Rules 31 F.S.A.).”
The husband (appellant below) promptly moved the District Court to recall its mandate and to consider and decide other questions which had been raised and argued in the District Court but which had not been decided by it because of its conclusion (reversed by this Court on this sole point) that the circuit court did not have jurisdiction of the cause and hence power to enter the order complained of. The District Court denied the motion by the following order:
“The appellant has moved this court to recall its mandate and rule on questions raised on the appeal not previously considered and determined. We decided the case on a jurisdictional question, not considering other questions raised, and our unpublished opinion of September 12, 1960, so stated.. However, on certiorari, the Supreme Court, by its opinion and judgment filed March 22, 1961, (128 So.2d 386), affirmed the judgment appealed, saying: * * the judgment of the District Court of Appeal, Third District, is quashed on authority of those cases and the judgment of the Circuit Court, Dade County, is affirmed.’
*408 “Pursuant to the mandate of the Supreme Court based on that judgment, our mandate was properly issued and the motion to recall it must be denied.
“It is so ordered.”
The husband now petitions this Court for certiorari alleging that the latter order is in direct conflict with Seaboard Air Line Railroad Company v. Strickland, Fla.1956, 88 So.2d 519, wherein this Court held that:
“ * * * Since the second question was not determined by this court and, therefore, not reviewed by the Supreme Court of the United States, we do not deem it to be contrary to the order of that Court to review the second question at this time, and particularly since the defendant has not yet had its day in a reviewing court on the points of law posed in the second question.”
The only question raised in this Court in the case pursuant to which it issued its opinion and judgment first referred to was that relating to jurisdiction. It is also conceded that other material questions were raised in the district court, but that it decided only the question of jurisdiction. Obviously because of inadvertent wording of our judgment of March 22nd, first above mentioned, in affirming the judgment of the circuit court instead of quashing the opinion and judgment of the district court with directions for further proceedings not inconsistent with our views, the husband has been denied his day in the appellate court on the merits of this controversy.
Our mandates are the official method of communicating our judgment to another tribunal.[1] The judgment of March 22nd will remain unaltered and unchanged by a correction of our mandate nunc pro tunc to make it accomplish the result intended.[2] Inasmuch as this situation has arisen without fault of petitioner and solely by virtue of the inadvertent wording of our mandate as aforesaid, we have determined to consider the petition for certiorari herein as a motion to recall and correct our mandate. It is, therefore,
ORDERED that the mandate contained in the opinion and judgment of this Court of March 22nd, ■ 1961 be and the same is hereby amended nunc pro tunc to read as follows:
“The judgment of the District Court of Appeal, Third District, is quashed on authority of said cases with directions for further proceedings not inconsistent with these views.”
This will require an order of the district court setting aside and vacating its mandate to the circuit court affirming its judgment, which we assume will be entered upon the effective date of this order.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, THORNAL, O’CONNELL and HOBSON (Ret.), JJ., concur.

. Livingston v. State, 113 Fla. 391, 152 So. 205.

. See McGregor v. Hammock, 114 Fla. 259, 154 So. 191.