DREW, Judge.
The mandate of this Court in Del Vecchio v. Del Vecchio, Fla., 143 So.2d 17, was directed to the District Court of Appeal, Third District, quashing its opinion and judgment reported in 132 So.2d 771 and directing “that the cause be remanded to the trial court for further proceedings * * and the entry of a decree not inconsistent with the views herein expressed.” On our mandate going down the district court very properly vacated its previous mandate, issued a new mandate to the trial court in which it adopted our opinion and judgment as the opinion and judgment of the district court, and directed the trial court to comply therewith.
The trial court promptly entered a new final decree, whereupon an appeal was taken to the district court of appeal questioning said new decree.
The matter is now before us on a sua sponte order of the district court transferring the cause to this Court on the theory that under the rule laid down in Armenian Hotel Owners, Inc., v. Kulhan- *458 jian (Fla.1957), 96 So.2d 896, the jurisdiction was here.[1]
The Kulhanjian case is inapposite here. That decision related solely to those cases within the jurisdiction of the district courts of appeal which were pending in this Court on the effective date of amended Article V of the Florida Constitution, F.S.A.[2] It has no application to decisions and mandates of this Court in conflict certiorari proceedings where our judgment operates on the decision of the district court of appeal which we review.[3]
The opinion of this Court, properly adopted by the district court as its own, operates on the trial court’s decree only under the mandate of the district court. Further proceedings must therefore go directly to the district court and then to this Court where proper.
The cause should accordingly be returned to the District Court of Appeal, Third District, for decision.
It is so ordered.
TERRELL, THOMAS, THORNAL, O’CONNELL and CALDWELL, JJ., concur.
ROBERTS, C. J., dissents.

. Section 26(6) of Article V of the Florida Constitution authorized this Court to transfer so many of such cases to such new courts “as it may see fit.” Many were retained and decided here. These cases were the subject of the Kulhan-jian decision.

. Martin v. Martin, Fla.1962, 139 So.2d 406.

. The order transferring the cause here reads as follows:
“The appeal in this case is from a decree of the Circuit Court entered after further proceedings had pursuant to mandate of the Supreme Court of Florida following quashal of a judgment of this appellate court. (143 So.2d 17). Because eleven of the eighteen assignments of error on the present appeal challenge the decree as not being in accord with the mandate of the Supreme Court, we conclude that jurisdiction of this appeal is in that court. See Armenian Hotel Owners, Inc. v. Kulhanjian, Fla.1957, 96 So.2d 896.
“This order of transfer to the Supreme Court is made in accordance with the policy announced in Armenian Hotel Owners, Inc. v. Kulhanjian, supra, to the effect that when a cause has been considered and determined by the Supreme Court of Florida and remanded by that court for further proceedings, “all orders, judgments, or decrees entered by the lower [trial] court in such cause to effectuate the mandate of this [Supreme] court are reviewable by this [Supreme] Court as the court of prior appellate jurisdiction.
“Whereupon, this court, sua sponte, orders that the notice of appeal and all other papers filed prior to March 5, 1963, shall on that date be transferred to the Supreme Court of Florida as the proper court having jurisdiction in this cause.”