PER CURIAM.
This matter is before us on a motion of the appellee Frances Warriner, in proper person, for an order to enforce the mandate.
The appellee recovered a judgment against the appellant, dated November 19, 1962, as follows:
“This Cause coming on to be tried and a jury having been empaneled and sworn to try the issue in said action, and after hearing the testimony and the charges of the court, returned the following verdict:
‘We the Jury find for the Defendant and that said Defendant is entitled to possession of the property at issue, to-wit: One 1960 Blue Ford, Model 58 E, Identification Number OA 32 V 106231,
So Say We All,
Andrew L. Beatty, Foreman.’
“It is Therefore, Considered, Ordered and Adjudged that Judgment be and the same is hereby entered for the Defendant against the Plaintiff for possession of the property and costs and against Plaintiff and its Sureties for the value thereof and costs, and
*184 “It is Further Considered, Ordered and Adjudged, that the Defendant, Frances Warriner, do have and recover the possession of the property described in the complaint, filed, the 10th day of July, 1961, and
“It is Further Considered, Ordered and Adjudged that the Defendant, Frances Warriner, do have and recover the possession of said described property from the Plaintiff, D. E. R. CO., a Florida corporation, and the costs to be assessed by the court, and
“It is Further Considered, Ordered and Adjudged, that the Defendant, Frances Warriner, do have and recover from the Plaintiff, D. E. R. CO., a Florida corporation and from the Sureties of said Plaintiff's Bond, by the Highway Insurance Company, the value of the property, and costs, and
“It is Further Considered, Ordered and Adjudged, that the Defendant, Frances Warriner, may elect to take a money judgment in lieu of the return of the property or waive a return of the property and take a judgment for its value.”
That judgment was amended on November 28, 1962, viz:
“This Cause coming on for hearing, after notice, and the court having heard arguments of counsel for the Plaintiff, and the Defendant, in proper person, and being otherwise advised in the premises,
“It is Therefore, Considered, Ordered and Adjudged that the Final Judgment, heretofore entered by the court, be and the same is hereby amended to include the amounts, and as follows; and
“It is Further Considered, Ordered and Adjudged that the Defendant, having elected to have and recover a money judgment in lieu of possession of the property, it is hereby ordered that the Defendant do have and recover from the Plaintiff the value of the said property, in the amount of $1,600.00, and,
“It is Further Considered, Ordered and Adjudged that the Defendant do have and recover from the Plaintiff, the Costs of the suit in the amount of $187.80, and
“It is Further Considered, Ordered and Adjudged that the Defendant do have and recover from the Plaintiff, the interest on the value of the said property for 16 months, at 6% per annum, in the amount of $128.00, and
“It is Further Considered, Ordered and Adjudged that the Defendant, Frances Warriner, do. have and recover from the Plaintiff, D. E. R. Co., a Florida corporation and from the Sureties of said Plaintiff’s Bond, by the Highway Insurance Company, the value of the property, and costs, in the amount of $1,787.80.”
Thereafter, on December 12, 1962, a new final judgment entitled “Second Amended Final Judgment” was entered, which read as follows:
“It appearing to the Court that the Amended Final Judgment heretofore entered by this Court on the 28th day of November, 1962 should be amended Nunc pro tunc, it is
“Ordered that the Amended Final Judgment entered herein on the 28th day of November, 1962 be and the same is hereby vacated and set aside.
“This Cause coming on to be tried and a jury having been empaneled and sworn to try the issue in said action, and after hearing the testimony and the charges of the court, returned the following verdict:
‘We the Jury find for the Defendant and that said Defendant is entitled *185 to possession of the property at issue, to-wit: One 1960 Blue Ford, Model 58 E, Identification Number OA 32 V 106231,
So Say We All,
Andrew L. Beatty, Foreman.’
“It is Further Considered, Ordered and Adjudged that the Defendant, having elected to have and recover a money judgment in lieu of possession of the property, it is hereby ordered that the Defendant do have and recover from the Plaintiff the value of said property, in the amount of $1,-600.00, that being the value found by the Court.
“It is Further Considered, Ordered and Adjudged that the Defendant do have and recover from the Plaintiff, the costs of the suit in the amount of $187.80, and let execution issue forthwith for the above stated amount against D.E.R. Co., a Florida corporation, and Highway Insurance Co.”
In the notice of appeal appellant listed the judgment of November 19, 1962, and the amended final judgment of December 12, 1962. After hearing the appeal on the merits, this court entered an order of affirmance without opinion (Fla.App., 155 So.2d 574). Our mandate was issued July 11, 1963.
In her present motion the appellee contends the clerk of the trial court has refused to issue a writ of execution for the amount (not stated in her motion) which appellee claims to be entitled to receive by virtue of the judgment. It was brought out in the course of the argument on the present motion that the appellee considers she is entitled to have execution issued for recovery by her of more than the $1,600 and costs which was awarded her in the final judgment as amended dated December 12, 1962. That contention of the appellee is without merit, and her said motion is denied.
It having come to the attention of this court that our mandate failed to include and designate the final (amended) judgment appealed from dated December 12, 1962, recorded December 13, 1962, in Minute Book 91, Page 117 in the office of the Clerk of the Civil Court of Record in Dade County, it is hereby ordered that a corrected mandate be reissued herein. See Livingston v. State, 113 Fla. 391, 152 So. 205; McGregor v. Hammock, 114 Fla. 259, 154 So. 191; Martin v. Martin, Fla.1962, 139 So.2d 406 ; 2 Fla.Jur., Appeals, § 389.
It is so ordered.