PER CURIAM.
The defendant, Michael Earnest Cannon, appeals a denial of relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
The defendant was charged with robbery in December 1961 and without the aid of counsel pleaded guilty. The judgment and sentence were set aside and he was granted a new trial and counsel was appointed to represent him. On August 30, 1963, after he had again been arraigned, pleaded not guilty and tried before a jury, he was found guilty as charged. On November 15-, 1963, some 76 days after his trial, the defendant filed a motion for appointment of counsel for appeal and on the same day the Assistant Public Defender of the Fifteenth Judicial Circuit was appointed to represent him on appeal.
The notice of appeal was filed by the court-appointed Public Defender on March 30, 1964. The record discloses that the more than four months delay in filing said notice of appeal was due to confusion in the office of the Public Defender of the then Fifteenth Judicial Circuit of Florida. On motion of the State the appeal was dismissed as not having been timety filed. Cannon v. State, Fla.App.1964, 169 So.2d 533.
On February 15, 1965, the appellant filed a motion to vacate and set aside the judgment and conviction of August 30, 1963. The allegations of said motion charged that the statement in the nature of a confession obtained from him during the investigation of the crime, which was introduced in evidence, was not freely and voluntarily given. The trial court denied the motion without hearing on the ground that such matters can be raised only upon a direct appeal from the judgment and sentence.
It has been consistently held that questions concerning an alleged involuntary or inadmissible confession can only be raised upon direct appeal from the judgment and sentence and cannot be raised by collateral attack. Rollins v. State, Fla.App.1965, 179 So.2d 377.
The record in this case, hewev'er, conclusively establishes the fact that the defendant has not waived and has been deprived of a federal constitutional right through no fault of his own. Although there is no federal constitutional right to appeal, Florida has established the right to appeal criminal convictions and the equal protection clause of the Fourteenth amendment requires that the State not discriminate against appeals by indigents. Lane v. Brown, 1963, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Under such circumstances the defendant is entitled to raise such questions as could have been raised on direct appeal in a collateral attack upon the judgment of conviction. Jackson v. State, Fla.App.1964, 166 So.2d 194.
Accordingly, the order appealed is reversed with directions that the court grant a hearing to the defendant in accordance with this opinion.
SMITH, C. J, ANDREWS, J., and SHANNON, GEORGE T., Associate Judge, concur.