**Bruce WHITLEY, Appellant,**

v.

**STATE OF NORTH CAROLINA, Hugh Logan, Appellees.**

**No. 10282.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1966.

Decided Feb. 7, 1966.

---

James Dennis Rash, Charlotte, N. C. (Court-assigned counsel) [Moore & Van Allen, Charlotte, N. C., on the brief] for appellant.

Theodore C. Brown, Jr., Asst. Atty. Gen. of North Carolina, (T. W. Bruton, Atty. Gen. of North Carolina, on the brief) for appellees.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

SOBELOFF, Circuit Judge:

The District Court dismissed Bruce Whitley's petition for writ of habeas corpus on the ground that he had "made no attempt to present all the questions here raised, including the question of a coerced plea of guilty, by means of post-conviction hearing, appeal or petition for writ of certiorari, to the Supreme Court of North Carolina."

During the October, 1961, term of the Nash County Superior Court Whitley was convicted on four counts of breaking and entering. He then filed a petition for a writ of habeas corpus with the Nash County Superior Court, alleging that he had been denied counsel at his trial. Treating the petition for habeas corpus as a request for post-conviction relief under the North Carolina Post-Conviction Hearing Act, N.C.Gen.Stat. § 15–217, the Superior Court on January 9, 1964, ordered a new trial. In February, 1964, Whitley through his court-appointed attorney entered a plea of guilty and was sentenced by the Nash County Superior Court to a term of five to seven years. It is this plea of guilty which formed the basis of Whitley's petition to the District Court.

The petitioner alleged, among other things, that his plea was coerced.[1] His petition stated that the trial judge was

"prejudiced toward Petitioner in that he did state in open Court that if Petitioner had entered a plea of not guilty and had been found guilty by a jury his Honor would have given Petitioner at least double his original sentence. That Petitioner had already been informed by the Sheriff of Nash County of the Court's intention and that Petitioner was forced to enter a plea of guilty."

In dismissing the petition on the ground that Whitley had failed to

---

1. The petitioner also alleged that he had been subjected to double jeopardy and that he had not been afforded adequate representation by counsel.

exhaust his available state remedies, we think the District Court erred.[2]

An examination of the record reveals that in December, 1964, Whitley filed a petition for a writ of habeas corpus with the Nash County Superior Court, reciting that he "was forced to enter a plea of guilty to keep from getting a sentence at least twice his original sentence. Petitioner was informed by the sherriff [sic] of Nash County that if he entered a plea of not guilty and was found guilty, he was going to recieve [sic] a sentence at least double his original sentence."[3] The Superior Court denied the "Petition for Writ of Habeas Corpus," stating that the "petition fails to disclose the allegation of any facts which would make said sentence void, and also fails to allege any facts which would constitute a denial or violation of any constitutional rights of the petitioner." Whitley petitioned the North Carolina Supreme Court for a writ of certiorari, reciting verbatim the allegations presented to the Superior Court above quoted, but the North Carolina Supreme Court denied certiorari on February 23, 1965.

On this appeal the State contends that because Whitley filed a "petition for writ of habeas corpus" rather than a petition under the North Carolina Post-Conviction Hearing Act, the North Carolina courts have not had an opportunity to pass on Whitley's constitutional claims, but have instead been limited to a consideration of whether the sentencing court had jurisdiction to impose sentence. The State argues that Whitley, before he petitions the federal courts for habeas corpus relief, should be required first to present his constitutional claims to the state courts in a petition styled under the North Carolina Post-Conviction Hearing Act.

Regardless of whether Whitley intentionally styled his petition to the state courts as one for a "writ of habeas corpus," we think it is clear from the Superior Court's decision denying relief, that the Superior Court on its own initiative did consider the petitioner's constitutional claims. It declared: "[The petition] fails to allege any facts which would constitute a denial or violation of any *constitutional rights* of the petitioner."[4] (Emphasis supplied.)

Forcing Whitley to present again to the state courts claims which have already been considered and denied would be an unwarranted, hyper-technical application of the exhaustion doctrine. See Evans v. Cunningham, 335 F.2d 491, 493 (4th Cir. 1964); United States ex rel. Frinks v. Barwick, 331 F.2d 597 (4th Cir. 1964); Thomas v. Cunningham, 313 F.2d 934, 937 (4th Cir. 1964); Grundler v. North Carolina, 283 F.2d 798, 800 (4th Cir. 1960). In the last cited case the Supreme Court of North Carolina declined to invoke an inflexible rule of procedure but moved on to a forthright consideration of the merits. The doctrine of exhaustion does not require that the petitioner himself be exhausted in repetitious litigation.

Accordingly, the order of the District Court dismissing the petition is reversed and the case remanded for a hearing on the merits.

Reversed and remanded.

---

2. In an amendment to his petition, filed May 5, 1965, Whitley alleged, *inter alia*, the absence of warrants, faulty bills of indictment, and denial of a preliminary hearing. Because Whitley had never complained on this score to the state courts, we agree with the District Court's disposition of the petition with respect to these claims.

3. Whitley's state court petition also recited his claims of double jeopardy and inadequate representation by counsel.

4. When Whitley, in the earlier proceeding, collaterally attacked his 1961 conviction on the ground that he had been denied counsel at trial, the Nash County Superior Court considered Whitley's constitutional claims and granted him a new trial, even though Whitley's petition to the Superior Court was styled, initially, as a "petition for writ of habeas corpus."