PEARSON, Judge.
The plaintiff has appealed a final judgment dismissing her cause before trial. The order of dismissal recites that it is entered pursuant to defendants’ motion, and that motion sets forth the following grounds:
“On the 16th day of November, 1964 this court entered its Order transferring the above captioned cause to the Civil Court of Record, and ordering that the necessary filing fee in said Civil Court of Record be paid by plaintiff.
“On the 30th day of November, 1964 this court entered its Order denying plaintiff’s motion for rehearing on defendant’s motion to transfer.
“Although in excess of four (4) months have expired since the date of said Order denying motion for rehearing, the plaintiff, Frances O. Warriner, has failed to pay to the Clerk of the Civil Court of Record the necessary filing fee, as directed in the Order of this court.”
Appellant’s assignments of error are directed to every step in the proceeding, but we find it necessary to discuss only the point on appeal which claims error in the entry of the order transferring the cause from the Circuit Court to the Civil Court of Record for Dade County.
The action instituted in the Circuit Court claimed damages against two corporations and two individuals. Some of the damages claimed may not be legally recoverable in the action, but the gist of the action was for the recovery of damages for the alleged wrongful issuance of a replevin writ. One *374 of the defendants to the action for damages was the bonding company which had issued the replevin bond.[1]
It does not appear from this record that “the matter in controversy does not exceed, exclusive of interest and cost, the sum of five thousand dollars.” See § 33.14, Fla. Stat.1963, F.S.A. The transfer to the Civil Court of Record for Dade County is reversed upon authority of Lucerne Packing Co. v. Pan American Surety Co., Fla.App. 1962, 140 So.2d 135. See also Henry’s Drive-In, Inc. v. Ideal Rock Products Co., Fla.App.1962, 140 So.2d 137.
The final judgment dismissing the cause is reversed and the cause remanded with directions to deny the motion to transfer the cause to the Civil Court of Record.
Reversed and remanded.

. This record contains a certified copy of the final judgment in the replevin action. This judgment does not contain a reference to damages for the wrongful detention of the property. Appellant’s motion for the assessment of such damages in the replevin action was denied without prejudice. See D. E. R. Co. v. Warriner, Fla.App.1963, 156 So.2d 183.