ROBERTS, Acting Chief Justice.
Petitioner is detained under a judgment and sentence for four years imposed by the Circuit Court of the Seventh Judicial Circuit. His appeal to the District Court of Appeal, First District, was dismissed sua sponte for having failed to comply with the Rules of Appellate Procedure in the prosecution of the appeal. By petition for writ of habeas corpus he contends, and the respondent agrees, that he has been thwarted in his efforts to prosecute his appeal in the District Court through petitioner’s ignorance and through his inability to communicate with the public defender of the Seventh Judicial Circuit during the change of office from one public defender to another.
Ordinarily habeas corpus would not be the proper remedy inasmuch as the return to the writ heretofore issued shows that petitioner is legally in custody under another sentence running concurrently which he has not attacked and consequently he would not be released, even though he prevailed, because of that sentence. Hollingshead v. Mayo (Fla.1955), 79 So.2d 774; Hitson v. Mayo (Fla.1955), 82 So.2d 591; Gorman v. Cochran (Fla.1961), 127 So.2d 667; Falagon v. State (Fla.App.1964), 167 So.2d 62.
It appears, however, from the concessions made by the return, that the petitioner was effectively thwarted in his effort to obtain appellate review of his conviction in Volusia County on January 19, 1965. Admitted also is the fact that this resulted primarily, because of a lack of communication with the public defender’s office, during a period of transition when the occupant of the office was being changed. Because of the peculiar nature of the circumstances the denial of habeas corpus shall be without prejudice to the privilege of the petitioner to present his claims for reversal of his aforesaid conviction by motion under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix addressed to the trial court. In any such proceeding the trial judge shall appoint a public defender to represent the petitioner, both in the trial court and in the proper appellate court, if petitioner desires such assistance. See State ex rel. Ervin v. Smith (Fla.1964), 160 So.2d 518.
It is so ordered.
DREW, O’CONNELL and CALDWELL, JJ., concur.
ERVIN, J., concurs specially.