**UNITED STATES of America ex rel. Lillian REIS, Petitioner,**

v.

**George E. LEPPIG, in his capacity as Sheriff and ex officio jailer of Dade County, Florida, Respondent.**

Civ. No. 66-875.

United States District Court
S. D. Florida.

Aug. 2, 1966.

Order Denying Motions to Alter or Amend Final Order and Stay
Aug. 15, 1966.

Order to Stay Final Judgment Pending Appeal Aug. 19, 1966.

Jack R. Nageley, Miami Beach, Fla., for petitioner.

Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., Miami, Fla., for respondent.

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

MEHRTENS, District Judge.

This is an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court. Two grounds are alleged in the petition: (1) that the petitioner was not furnished a forma pauperis copy of the transcript for appeal although she was insolvent; and (2) that she was convicted on evidence obtained through an illegal search and seizure.

On September 15 and 17, 1966, petitioner was convicted of two narcotic charges in the Criminal Court of Record, Dade County, Florida. Thereafter appeals were taken to the Third District Court of Appeal; the basis of the appeals was an alleged illegal search and seizure. The appellate court consolidated the appeals.

On October 6, 1965, the trial judge denied without taking testimony petitioner's request to be declared insolvent or provide a forma pauperis transcript. The District Court of Appeal remanded that order for further findings. On November 8, 1965, the trial court heard testimony on the issue of insolvency and again denied petitioner's request to receive a forma pauperis transcript. The District Court of Appeal affirmed that ruling. On February 7, 1966, the trial court denied petitioner's request to stipulate the facts to the appellate court. On February 11, 1966, the appellate court dismissed the appeal since no transcript was produced.

Petitioner had previously filed a petition for habeas corpus in this Court. On July 6, 1966, the petition was dismissed because petitioner had failed to first exhaust her state remedies. 28 U.S.C. § 2254.

A petition for habeas corpus was then filed in the Supreme Court of Florida. This petition, which raised both the issues of insolvency and illegal search and sei-

zure, was denied per curiam and without opinion on July 15, 1966.

### I

On July 22, 1966, this petition was filed in this Court. This Court is of the opinion and finds that it has jurisdiction of the petition as the petitioner has now exhausted her state remedies.

 Petitioner has sought review in the state's two levels of appellate courts. While petitioner could have chosen to petition for certiorari to the United States Supreme Court, such a petition is not a prerequisite for a United States District Court obtaining jurisdiction. Fay v. Noie, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Pineda v. Bailey, 340 F.2d 162 (5 Cir. 1965).

The Court is aware that Rule 1 of the Florida Rules of Criminal Procedure, F.S.A. ch. 924 Appendix provides that a prisoner may request the sentencing court at any time to vacate a sentence which was imposed in violation of the Constitution or laws of the United States or the State of Florida. This Court in its order of July 6, 1966, recognized this procedure as a possible alternative open to petitioner. The fact, however, that petitioner chose to petition the Florida Supreme Court was sufficient. It is sufficient that she has exhausted one of several available alternatives. Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948); Lee v. Wiman, 280 F.2d 257 (5 Cir. 1960); Whitley v. State of North Carolina, 357 F.2d 75 (4 Cir. 1966).

It also appears from the uncontradicted evidence that the trial judge, to whom a Florida Criminal Procedure Rule 1 petition would be made, had twice refused to declare petitioner insolvent and subsequently refused to stipulate the facts for purposes of an appeal. Also, the Supreme Court of Florida had denied her petition for habeas corpus; further litigation in the state court would appear useless.

Therefore it is the finding of this Court that the petitioner has exhausted her state remedies within the meaning of 28 U.S.C. § 2254. Petitioner alleges that she is incarcerated in state custody in violation of the Constitution of the United States; therefore, pursuant to 28 U.S.C. § 2241, this Court has jurisdiction and the petition is timely and properly filed.

### II

From the affidavits and transcript filed in the Criminal Court of Record in and for Dade County, Florida, it appeared that the petitioner had been released on $6,000 bond; yet *no premium had been paid* on this bond. In a hearing in the Criminal Court of Record on October 6, 1966, to declare the petitioner insolvent, the judge, without taking any testimony, ruled:

"Well, I have a rather *arbitrary policy, right or wrong,* that if anybody has money to be out of jail on bond—I understand what you say—but if they are out of jail, they can't be insolvent within the meaning of the statute.

\*　　\*　　\*　　\*　　\*　　\*

Well, I am not going to declare her insolvent if she is out of jail on bond." (Emphasis added.)

That order was appealed and the appellate court remanded the case for testimony to be taken. Before the same trial judge extensive testimony was taken on November 8, 1965. In brief, petitioner testified that: she was unemployed, had only two short jobs in the last two years, was about $12,000 in debt, had a mortgaged house upon which there were numerous liens, had not paid the bond premium, had not paid her attorneys in full, was in arrears on her mortgage and loans, had the gas and heat shut off at her house, had only $40 cash at that time, and was unable to secure employment because of her pending convictions.

Petitioner's co-attorneys, Bernard A. Frank and Jack R. Nageley, testified to her financial circumstances, that they had not been fully paid, and that they would take an appeal without fee.

The state presented no testimony. The Court, in complete disregard of the uncontradicted evidence, again refused to declare her insolvent.

The trial judge (apparently following his "arbitrary policy") stated:

"I am going to be consistent. I am going to deny the petition.

\* \* \* \* \* \*

I just do not believe the defendant is that destitute."

The trial judge erroneously held that because the petitioner was out on bond, or because others might support her, that petitioner was not entitled to be declared insolvent within the meaning of Florida Statute § 924.17, F.S.A. The Florida cases interpreting that statute clearly show, however, that the right of an appellant to have the state pay for a transcript and costs depends solely on the defendant's own ability to pay. Gaston v. State, 106 So.2d 622 (Fla.App. 1958). The fact that friends or relatives might pay all or part of the costs or a bond premium is wholly immaterial. Swilley v. State, 76 Fla. 173, 79 So. 715 (1918); Keur v. State, 160 So.2d 546 (Fla.App.1964).

The appellant may even have regular earnings and yet be insolvent within the meaning of Florida Statute § 924.17. Brizzie v. State, 120 So.2d 27 (Fla.App.1960).

Petitioner also attempted to stipulate to the facts pursuant to Florida Appellate Rule 6.7(f), 31 F.S.A., so that an appeal might be taken without a transcript of the record. The State's attorney would not stipulate to the facts. At the February 7, 1966, hearing on a motion to stipulate to facts the judge refused to permit a stipulation, saying:

"Well, I think I made my statement, that the Court just would not undertake to enter an order saying that this is a fair recitation of the facts, for the reason that the Court has no independent recollection of it and there is, in fact, a transcript of the trial proceedings available, but I understand, financially, what the problem is."

During the hearing in this Court the petitioner testified as to her insolvency. She testified as to her employment, compensation and other sources of income she had during the past two years. She testified concerning her expenses and debts, and she presented an extensive list of indebtedness. Jack R. Nageley and Bernard A. Frank, her attorneys during all the court proceedings, testified as to her financial status, their fee arrangement, and that they had not been fully paid. Testimony was also offered that the cost of her transcript on appeal was approximately $1,500.

It should be noted that the testimony in this Court corroborates that given in the state court, and at no time was there any inconsistency. Further it should be noted that neither in this Court nor in the state court did the state present any affidavits, testimony or evidence.

Therefore on the basis of the uncontradicted evidence the Court finds that the petitioner, Lillian Reis, at the time of her appeal to the Florida District Court of Appeal, was, and still is, insolvent within the meaning of Florida Statute § 924.17.

III

The 14th Amendment to the United States Constitution provides that no state shall deprive any person of liberty without due process of law; nor deny any person, within its jurisdiction, the equal protection of the laws.

In meeting this standard the sole question to be decided is whether the State of Florida correctly applied its own statutes and standards to this petitioner. This issue must be answered in the negative.

The Florida Constitution, Article 5, Section 5, F.S.A., establishes a system of appellate courts. Florida Statutes, Sections 924.05 and 924.06, F.S.A., guarantee the right to appeal from a conviction of the type at issue in this case. In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), the Supreme Court decided that if a state provided for review of criminal cases they must not do so in a way that discriminates between those able to pay costs and

those unable to do so. The Court in *Griffin* did not hold that a state *per se* had to provide a free transcript to a person who could not afford one, but that some means had to exist to perfect that right to appeal. In the instant case Florida has provided by constitution and statute the right, and the means, for an insolvent person to appeal a conviction.

■ While petitioner was given the opportunity to show her insolvency, the trial judge completely and arbitrarily ignored all the evidence presented and thus denied to petitioner her right to appeal. To discriminate against petitioner in this manner was to deny her the equal protection of the laws and thus deprive her of liberty without due process of law. See Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Cannon v. State, 181 So.2d 584 (Fla.App.1966).

### IV

Petitioner also presents the question of the legality of the search and seizure which led to her convictions. In view of the above holding, it is unnecessary to rule upon that question at this time. The state courts should have an opportunity to rule on the question of search and seizure. Therefore, provision will be made in this order for the state courts to act. Pursuant to 28 U.S.C. § 2251, this Court will and hereby does stay execution of petitioner's sentences.

Since a representative of the A & A Bonding and Insurance Agency, Inc., stated in open court that the bonding company would continue their previously issued appeal bonds, ample security will be provided for petitioner's appearance in subsequent state proceedings.

It is therefore ordered and adjudged that:

1. Petitioner, Lillian Reis, is hereby released and permanently discharged from the custody of respondent, George E. Leppig, in his capacity as Sheriff and ex officio jailer of Dade County, Florida, *unless:*

A. The Criminal Court of Record in and for Dade County, Florida, orders within fifteen (15) days of a promptly filed motion, the preparation and transcription of a forma pauperis transcript of the proceedings and trial of petitioner's cases numbered 65–2813 and 65–2814; *and*

B. The Third District Court of Appeal for the State of Florida grants petitioner leave to prosecute the appeal of the above-named cases, and signifies within fifteen (15) days from the date of the filing of the notice of appeal that it will accept and hear petitioner's appeal on the merits; said notice of appeal to be promptly filed if and when the Criminal Court of Record enters the order described in "A" above.

2. Pending the timely issuance of the orders from the Courts described in orders 1."A" and "B" above, and pending final disposition of the appeal on its merits, the sentences imposed by the Criminal Court of Record in and for Dade County, Florida, in cases numbered 65–2813 and 65–2814 are hereby stayed, and petitioner is released from state custody on those certain appeal bonds in the total amount of $6,000, heretofore posted, and currently extended, on her behalf by the A & A Bonding and Insurance Agency, Inc.

### ORDER DENYING MOTIONS TO ALTER OR AMEND FINAL ORDER AND STAY

■ The respondent has moved to stay the Court's order of August 2, 1966, pending hearing of its motion to alter or amend the final order. Since the Court heard both motions at the same time, it is hereby ordered and adjudged that the motion to stay is denied as moot.

■ The respondent desires to amend the final order so as to require the petitioner to take one of two other alternatives for state court review of petitioner's convictions. One alternative is to have the petitioner file in the state trial court a motion under Rule 1 of the Florida

Rules of Criminal Procedure.[1] The other alternative is to have petitioner file in the state trial court a "delayed" motion for new trial. The state desires these alternatives because it claims that the Florida Third District Court of Appeal is without jurisdiction to now hear an appeal on petitioner's convictions even if the transcript of the trial court were made available to petitioner. The state alleges in its motion that if either of these alternatives were used and petitioner denied relief, appellate review would properly lie in the Third District Court of Appeal.

The state's claim that its appellate court does not have jurisdiction of the petitioner's appeal at this time because the term of court has expired is without merit. The Florida Supreme Court has held in McGregor v. Hammock, 114 Fla. 259, 154 So. 191 (1934):

> After the mandate had gone down to the court below, the term of the court at and in which it issued expired and thereupon this court lost jurisdiction of the cause, *unless the mandate was issued because of inadvertence, mistake, or error*. (Emphasis added.)

This Court's original decision in this case found that the Third District Court of Appeal was constitutionally in error to have not permitted petitioner to appeal because of her insolvency. Therefore, even a change in the term of the appellate court does not, *ipso facto*, relieve the appellate court of its jurisdiction. On the contrary, "error" is one of the grounds that the Florida Supreme Court stated would not destroy appellate jurisdiction.[2]

The case of Daugharty v. Gladden, 179 F.Supp. 151 (D.Or.1959), puts into perspective this entire case and the state's jurisdiction. Petitioner applied to the United States District Court of Oregon for a writ of habeas corpus because he was denied an appeal by the state inasmuch as he financially could not produce the needed-papers on appeal. That District Court denied petitioner relief. The Ninth Circuit Court of Appeals reversed the District Court and remanded the case for further proceedings. On remand, the District Court gave the Supreme Court of Oregon a time certain to allow the petitioner a full and complete hearing upon his appeal or petitioner would be discharged.[3] The Supreme Court of Oregon used its inherent power to entertain the appeal even though two years had passed since the expiration of the term of court. There was no Oregon statutory law on point. The Oregon Supreme Court affirmed the state lower court. Petitioner then sought further relief in the District Court on the ground that the Oregon Supreme Court's affirmance was void because it had no jurisdiction after the passage of time. The District Court rejected that argument, stating at page 155:

> From the review in the above cases, it appears that from the earliest date the question was presented to the State Court, it has taken jurisdiction through the inherent power of an appellate court to rectify an erronoeus determination, and no case has been found wherein the court holds that it absolutely has no such power. Even the Florida case cited by petitioner is not an absolute, but is tempered by qualifications in case of error, fraud or mistake. McGregor v. Hammock, 114 Fla. 259, 154 So. 191.

This Court adopts the holding, procedure, and rationale of the *Daugharty* case, including the opinion of the Ninth Circuit. Furthermore, this Court's original opinion reflects the guidelines enunciated in Wainwright v. Simpson, 360 F.2d 307 (5 Cir. 1966), to wit: this Court's order was tailored to the particu-

---

1. The text of Rule 1 may be found in 151 So.2d 634 (Fla.1963), and the Appendix to Chapter 924 of Florida Statutes Annotated (Supp.1965).

2. This Court has found no Florida constitutional provision, statute, rule of court, or subsequent case negating the Florida Supreme Court decision in *McGregor*.

3. This was the mandate from the Ninth Circuit. Daugharty v. Gladden, 257 F. 2d 750 (9 Cir. 1958).

lar facts of this case. This Court can see no reason to alter or amend its order.[4]

■ Ironically the suggested alternatives presented by the state's assistant attorney general may not give the appellate court jurisdiction to entertain an appeal on the merits. Florida requires that the question of search and seizure be raised on direct appeal from a conviction, and not by a collateral proceeding. Mason v. State, 167 So.2d 618 (Fla.App. 1964). This is equally true under a Rule 1 proceeding. Austin v. State, 160 So.2d 730 (Fla.App.1964). Furthermore, Florida patterned Rule 1 on 28 U.S.C. § 2255, and follows the federal interpretations of that statute. Ibid. Petitioner would also raise the question of the sufficiency of the evidence on an appeal, which is likewise not open to a collateral proceeding. Taylor v. State, 171 So.2d 402 (Fla.App. 1965); Kirkland v. State, 165 So.2d 774 (Fla.App.1964). It should be noted that the last case cited was from the Third District Court of Appeal and adopted Austin v. State, supra.

The state relies on Alderman v. State, Fla.1966, 188 So.2d 803, and Cannon v. State, 181 So.2d 584 (Fla.App.1966), for the proposition that constitutional questions not raised on an appeal can be raised in a Rule 1 proceeding. In *Alderman* the Florida Supreme Court expressly gave permission to the petitioner to use Rule 1.

In the *Cannon* case the Fourth District Court of Appeal of Florida said:

The record in this case, however, conclusively establishes the fact that the defendant has not waived and has been deprived of a federal constitutional right through no fault of his own. Although there is no federal constitutional right to appeal, Florida has established the right to appeal criminal

convictions and the equal protection clause of the Fourteenth amendment requires that the State not discriminate against appeals by indigents. Lane v. Brown, 1963, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055. Under such circumstances the defendant is entitled to raise such questions as could have been raised on direct appeal in a collateral attack upon the judgment of conviction. Jackson v. State, Fla.App.1964, 166 So.2d 194.

The state relies on Henderson v. State, 183 So.2d 872 (Fla.App.1966), 174 So.2d 73 (Fla.App.1965), and Jackson v. State, 177 So.2d 353 (Fla.App.1965), 166 So.2d 194 (Fla.App.1964), for the proposition that a "trial court may consider a delayed motion for new trial raising those points which the movant was unconstitutionally precluded from presenting upon direct appeal from a judgment of conviction."

A careful reading of all four cases relied on by the state shows that it took a higher court to permit the petitioners to raise their issues in collateral proceedings and it is unclear if the proper remedy is a Rule 1 proceeding or a "delayed" motion for new trial.[5] Furthermore, a reading of all the Florida cases cited in this opinion fails to delineate clear-cut guidelines on the applicability of these suggested alternatives or show a uniform application among the four district courts of appeal in Florida.[6]

Returning to the case at bar, the Court sees some very practical reasons why petitioner should not be forced to use the state's suggested alternatives. After each conviction, petitioner moved for a new trial and her motions were denied. The trial court to which the collateral

4. The state has not objected to the time table set out in this Court's order. It is therefore assumed that the time allotted for compliance with this Court's order was reasonable.

5. When the petitioner took a habeas corpus to the Florida Supreme Court, that court's order did not state that petitioner had any other state remedies.

Case No. 35,552, Fla.Sup.Ct., July 15, 1966, 189 So.2d 637.

6. It is unnecessary to cite further Florida cases interpreting Rule 1. But a scanning of the annotations will show that there are other problems that would face this petitioner under Rule 1 and would reinforce the statement made in the text.

proceedings would be directed would be the same court (presumably the same judge) that has over and over again refused petitioner any relief. Petitioner is insolvent. Her attorneys are serving without compensation. A new original hearing would add to her expense and that of her attorneys, and there would still be the possibility of appellate review. On the other hand, there exists a transcript of the original trials. It would be a simple matter for an appellate court to review it.

At the hearing on this motion the assistant attorney general for the state said:

I am in no way contesting those two findings as to the question of the insolvency nor as to the question of whether or not she is entitled to relief. My only purpose in filing the motion before the Court today is so that the state may comply with the Court's objective and in a manner cognizable under state law.

If the state intended to show good faith in its purpose to comply with this Court's order, it would have moved the trial court to procedurally enter whatever order, by any name, needed to establish appellate review. This Court's order puts the first burden on the trial court. In the alternative, the state could have moved the appellate court to reinstate the appeal. It appears totally unreasonable to put the petitioner in the position of electing procedures, none of which will guarantee to the petitioner her right of appeal; the right this Court found the state denied to her.

■ It is axiomatic that substance governs form; in other words, petitioner's denial of constitutional and statutory rights takes precedence over procedural niceties. Petitioner was denied a review by an independent tribunal. To make the petitioner follow a procedure of going back to the original judge, in this case, gives the petitioner no remedy at all.

One more point should be made. The petitioner's habeas corpus petition also raised the constitutional question of an illegal search and seizure. This Court refrained from ruling on that issue on the basis of judicial restraint and comity to the Florida courts. This Court was of the opinion, and still is, that the merits of that issue should first be passed on by the Florida appellate courts. If the Florida courts decide they will not pass on that question, then that is their prerogative. It is not for this Court to wade through the morass of state criminal procedure to give this petitioner her federal constitutional rights. It is therefore ordered and adjudged that the motion to alter or amend the final order be and it hereby is denied.

## ORDER TO STAY FINAL JUDGMENT PENDING APPEAL

■ The respondent has filed a notice of appeal to the Fifth Circuit Court of Appeals and has requested this Court to stay the finality of its order of August 2, 1966. This request is unique as it applies to this case, since if the stay were not granted, the case would be moot on appeal and the State of Florida would have been deprived of its right to appeal.

Just as the Court believed that the petitioner was entitled to a right to appeal, the Court also believes that the State is entitled to a right to appeal. The Court does not want to do anything which would deprive the State of the right to have this Court's decision reviewed. The State should have every opportunity to appeal, even though the State did not give the petitioner such right. It is therefore

Ordered and adjudged that:

1. The order of this Court dated August 2, 1966, is stayed as to part one of the order which permanently discharges the petitioner from the custody of the respondent.

2. In the event the decision of this Court is affirmed, that portion of the order herein stayed shall take effect as of the effective date of the decision of the Court of Appeals.