SPECTOR, Judge.
Appellant seeks reversal of an order of the trial court denying him postconviction relief under Criminal Rule One, F.S.A. Chapter 924, Appendix.
The motion to set aside appellant’s conviction for the crime of rape and sentence of life imprisonment imposed upon him in consequence of his conviction was denied on the stated grounds that it was the second postconviction motion filed by the appellant seeking similar relief, and that under Rule One the Court was not required to entertain a second or successive motion. The denial of the earlier motion under the rule by the appellant was affirmed by this Court by memorandum decision reported in 177 So.2d 902.
Appellant was tried and convicted in a trial before a jury at which time he was represented by an attorney of his own choice. No direct appeal was taken from the judgment of conviction and sentence. In 1965, Blunt filed his first Rule One motion without benefit of counsel, the denial of which was affirmed by this Court as related above.
In his appeal from the denial of his second motion, appellant is represented by the Public Defender who urges two points for our consideration as- grounds for reversal.
 The first contention advanced by appellant is that the prohibition against successive postconviction motions should not be followed where the prisoner was not represented by counsel when the earlier motions were considered. The implication of this argument is that a prisoner is entitled to counsel as a matter of course in postconviction proceedings and that the failure to provide him such counsel licenses him to plow the same field over at some future date. In support of this proposition, appellant relies on Alderman v. State, Fla., 188 So.2d 803. Our examination of Aider-man does not convince us that it is supportive of appellant’s argument on this point. There it was held that where the Public Defender inadvertently thwarted efforts to perfect a direct appeal, Aider-man could present his arguments for reversal under Rule One motion. In so holding, the Court predicated its ruling on the peculiar nature of the circumstances there existing. As for the contention that a prisoner is entitled to counsel as a matter of right in postconviction proceedings, the contrary was held in Childs v. State, 190 So.2d 605 (Fla.App.3d 1966), following State v. Weeks, Fla., 166 So.2d 892.
The other point urged by appellant for reversal is that the second motion for postconviction relief may be considered by the Court if it contains grounds for relief which were not asserted in the earlier *51 motion. Piehl v. State, 173 So.2d 723 (Fla.App.1st 1965). Therefore, as to the new matter pled, appellant’s motion is entitled to be considered if such new matter exists and if it constitutes grounds for post-conviction relief. As to the grounds asserted in the earlier motion however, the denial thereof was res judicata. Taylor v. State, Fla.App., 183 So.2d 865.
We now look to the new matters alleged in the second motion to determine whether they are matters which support a collateral attack on a judgment and sentence.
The appellant contends that a confession was introduced against him at the trial which was not voluntary and urges this as grounds for new trial. He was represented by retained counsel and had a right to directly appeal the error, if any, in permitting the alleged involuntary confession to be introduced, but it has been held that he may not collaterally attack the judgment of conviction for that reason. Coyner v. State, 177 So.2d 715 (Fla.App. 3d 1965). If a confession was in fact introduced into evidence against this defendant, bearing in mind that he had private counsel, we can only assume that it was found to have been voluntarily given.
Additionally, appellant’s motion alleges that he was not taken before a committing magistrate immediately after being arrested and suggests that this circumstance is the basis for a new trial. The state and federal courts have held that this is not ground for reversal. Young v. Wainwright, 326 F.2d 255 (5th Cir.1964), and Gore v. State, 163 So.2d 37 (Fla.App. 1st 1964).
A further ground suggested by the motion stems from the allegation “that the witness committed perjury against him at his trial with the knowledge and consent of the State.” Such allegation is confined to a bare conclusion without any supportive factual basis and is therefore insufficient to require the trial court to hold a full evi-dentiary inquiry into the evidence given at the trial. Buchanan v. State, 184 So.2d 225 (Fla.App.3d 1966).
Appellant further grounds his motion upon the contention that he was denied his constitutional rights because negroes were systematically excluded from the grand jury that indicted him and the petit jury before which he was tried and convicted. The record shows that this same contention was raised at the trial, and after taking evidence thereon the trial judge ruled that the appellant failed to sustain said charges against the makeup of the juries. This question was decided adverse to the appellant at the trial and cannot now be the basis of a collateral attack on his conviction. Lee v. State, 173 So.2d 520 (Fla.App.1st 1965).
Other grounds advanced by the appellant are likewise unavailing for they consist of matters which are reviewable only on direct appeal, such as the use of hearsay testimony and the like, rather than by collateral attack in postconviction proceedings.
We have examined the appellant’s second Rule One motion, and it is our opinion that the trial judge did not err in denying same.
Affirmed.
CARROLL, DONALD K., Acting C. J., and RAWLS, J., concur.