Jimmy Seth **PERRY**, Petitioner,

v.

Dr. Stanley **BLACKLEDGE**, Warden, Central Prison, Raleigh, North Carolina, and State of North Carolina, Respondents.

No. 71-2198.

United States Court of Appeals, Fourth Circuit.

Dec. 27, 1971.

Jimmy Seth Perry, pro se.

Jacob L. Safron, Asst. Atty. Gen. of N. C., Raleigh, N. C., for respondents.

Before SOBELOFF and BRYAN, Senior Circuit Judges, and WINTER, Circuit Judge.

SOBELOFF, Senior Circuit Judge:

Petitioner here seeks review of the District Court's dismissal of his habeas corpus petition, brought under 28 U.S.C. § 2254, for failure to exhaust state remedies.

In 1969, Perry was brought to trial in the District Court for Northampton County on a misdemeanor charge—assaulting a fellow inmate at the Odem Farm Unit of the North Carolina Department of Corrections. Upon being convicted, petitioner was sentenced to six months, sentence to run consecutively to the sentence he was then serving.

Due to the consecutive nature of the sentence imposed, petitioner appealed his conviction to the Northampton Superior Court where, in accordance with North Carolina law, his earlier conviction and sentence were nullified and he was tried *de novo*. N. C. Gen. Stat. §§ 7A-290, 15-177.1 (1969). This time, for the same acts underlying the misdemeanor conviction, Perry was charged with the felony of assault with a deadly weapon. Petitioner pleaded guilty and received a sentence of from five to seven years. This sentence was the same length as one that the petitioner was already serving and was imposed concurrently with the preexisting sentence.

Perry now seeks federal habeas corpus, claiming that his constitutional rights were violated when, because he appealed from his misdemeanor conviction, he was subjected to a more severe sentence. *See* Rice v. North Carolina, 434 F.2d 297 (4th Cir. 1970), cert. granted, North Carolina v. Rice, 401 U.S. 1008, 91 S.Ct. 1256, 28 L.Ed.2d 544 (1971). Admittedly, petitioner has never presented his claim to the North Carolina state courts and, ordinarily, this fact alone would justify the denial of federal habeas corpus relief. Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967); Whitley v. North Carolina, 357 F.2d 75 (4th Cir. 1966).

However, the requirement that a state prisoner seeking federal post conviction relief must first exhaust his state remedies will not bar federal relief where resort to the state courts is but a futile exercise. 28 U.S.C. § 2254(b); Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967), cert. denied, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871. This circuit has several times recognized that such futility exists where there are decisions of the highest state court directly against the claim of the petitioner and there appears no indication that the state court is inclined to change its position. Ralph v. Warden, 438 F.2d 786, n. 1 at 788 (4th Cir. 1970); Evans v. Cunningham, 335 F.2d 491, 493 (4th Cir. 1964).

In this case, the highest court of the State of North Carolina has, in the past year, spoken twice in unequivocal rejection of precisely the claim petitioner seeks to raise here. State v. Sparrow, 276 N.C. 499, 173 S.E.2d 897, 901–903 (1970); State v. Spencer, 276 N.C. 535, 173 S.E.2d 765, 770–773 (1970). The requirement of state remedy exhaustion does not compel petitioner to go through the empty formality of offering the Supreme Court of North Carolina an opportunity to reaffirm its already clearly established doctrine.

In view of the foregoing, we hold that the District Court erred when it granted respondent's motion to dismiss Perry's petition for failure to exhaust state remedies. Accordingly, leave to proceed in forma pauperis is granted, a certificate of probable cause to appeal is granted, the judgment of the District Court is vacated and the case is remanded for further consideration of petitioner's claim upon its merits. Inasmuch as the Supreme Court of the United States has heard argument in North Carolina v. Rice upon the same question as the petitioner raises in this case, the District Court is instructed to defer action until the Supreme Court has decided Rice.

Reversed and remanded.