**James Bryant WATSON, Petitioner,**

v.

**STATE OF NORTH CAROLINA et al., Respondents.**

No. 78–574–HC.

United States District Court,
E. D. North Carolina,
Raleigh Division,

Feb. 24, 1981.

Thomas F. Loflin, III, Loflin, Loflin, Galloway, Leary & Acker, Durham, N. C., for petitioner.

Richard N. League, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for respondents.

## ORDER

LARKINS, Senior District Judge:

This is a habeas corpus action filed by a state court inmate convicted by a jury of second degree murder after being charged with first degree murder and entering a plea of not guilty. Petitioner appealed his conviction to the North Carolina Court of Appeals, where it was affirmed. See 13 N.C.App. 54, 185 S.E.2d 252 (1971). The

North Carolina Supreme Court also affirmed petitioner's conviction. See 281 N.C. 221, 188 S.E.2d 289 (1972).

Petitioner contends his rights have been violated and that he is entitled to have his habeas corpus petition allowed because: (1) the trial judge's instructions improperly placed the burden of proof upon petitioner to rebut the presumption of malice by proving to the satisfaction of the jury that the killing was committed in the heat of sudden passion, in order to reduce the offense from second degree murder to voluntary manslaughter; (2) the trial judge's instructions placed upon petitioner the burden of proving self-defense; (3) the trial judge improperly charged the jury "that malice could be presumed once the state had proven that the alleged killing was done intentionally; and (4) petitioner received ineffective assistance of counsel in that trial counsel failed to assign the above matters as errors on appeal.

■ It is conceded by petitioner [1], and it is so held by this court, that the decision of the Fourth Circuit Court of Appeals in *Cole v. Stevenson*, 620 F.2d 1055 (4th Cir. 1980) establishes a procedural bar to petitioner's entitlement to habeas corpus relief in this court based upon both petitioner's first and second claims—that the jury instructions improperly placed upon defendant the burden of proving sudden passion and of proving self-defense.

Petitioner's third claim attacks the trial judge's instructions to the jury that "malice could be presumed once the state had proven that the alleged killing was done intentionally ..." Petitioner contends that from *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) [striking down a Maine state law, as a violation of due process, requiring defendant to prove by a preponderance, in order to reduce homicide to manslaughter, that he acted in the heat of passion or sudden provocation], and its forerunner, *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)

1. Petitioner makes it clear any concession is based solely upon the way the law now stands, and notes to the court that attorneys for petitioner Cole have now petitioned the United States Supreme Court for certiorari, and that same is pending at this time in that Court.

[Court holding explicitly that due process clause required for conviction proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged], this court must conclude that "presumption of malice" instruction is constitutionally impermissible. In further support of this contention, petitioner cites two recent Supreme Court cases which petitioner asserts stand for the proposition that it is a denial of due process for the trial judge to instruct that an element of the charged offense may be presumed if the prosecution is able to prove certain facts. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Petitioner further argues that the court should not find procedural default from the fact that petitioner never raised objections to this instruction on direct appeal. Petitioner asserts that the North Carolina Supreme Court has repeatedly and consistently allowed state trial judges to instruct the jury that an essential element of the offense of second degree murder, i. e., malice, may be presumed once the state has proven an alleged killing. *State v. Patterson*, 297 N.C. 247, 254 S.E.2d 604 (1979), and therefore, it would have been useless for Watson's attorney to raise the issue on direct appeal. The court is urged not to extend Cole as to deny the principle that a federal habeas petitioner need not apply to the state courts for relief when it is apparent such application would be futile. *Perry v. Blackledge*, 453 F.2d 856, 857 (4th Cir. 1971). However, the court disagrees, and sees such an extension of Cole as inescapable.

Petitioner's appointed trial counsel decided against appealing this "presumption of malice" instruction just as he decided against appealing the self-defense instruction and the burden-shifting malice instruction discussed by the court in *Cole*. The fact that the appeal of any or all of these three portions of the charge to the jury would have been fruitless at time of trial cannot be held to preserve those issues for federal review after there has been a substantial change in the law. The holding in *Cole* clearly prohibits such. This same point was argued to the court in *Cole*, and in response Judge Widener stated:

> Petitioner argues and the district court agreed that at the time of direct appeal petitioner had no chance of success in challenging the jury instructions on *Mullaney* grounds, and that this is sufficient cause for failing to preserve the issue since any effort along that line would have been futile. This argument is without merit for, if it were accepted, footnote 8, *Hankerson v. North Carolina* [cite omitted] would be meaningless not only in North Carolina, but in every State. If change of law is cause for failing to object, then no State procedural bar could prevent federal habeas corpus in the context of cases held to be retroactive, and the Supreme Court's reliance on procedural bars as a reason for extending *Mullaney* retroactively would be circumvented. Footnote 8 clearly implies that the Court feels that the change of law is not cause under *Wainwright*. *Cole*, supra, at 1063.

This language establishes that failure to anticipate a change in the law does not constitute "cause" so as to find "cause and prejudice" exception. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Davis v. U. S.*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). *Cole* mandates a finding by this court that petitioner's failure to comply with valid state procedural requirements, in that petitioner failed to except to the "presumption of malice" instructions in his assignments of error as required by North Carolina Rules of Appellate Procedure 10(a) and (b)(2), and failed to otherwise raise the issue in his appeal, foreclosed both direct and collateral attack in the North Carolina Courts, and is an adequate and separate state ground for denying federal habeas corpus relief on this claim. *Cole v. Stevenson*, supra.

■ Finally, petitioner argues that appointed trial counsel rendered ineffective assistance of counsel because counsel did not, based upon the Supreme Court's decision in *In Re*

*Winship*, supra, appeal the "presumption of malice" instruction, (and presumably the other two instructions discussed in *Cole*, as well). Petitioner claims that but for a lack of knowledge in criminal constitutional law, petitioner's trial attorney, Edward David would have been aware of the "crystal clear" rule of *Winship*, supra, and would have, therefore, perfected the appeal contesting the constitutionality of these instructions. The court disagrees. If *Winship* and its ramifications had been so "crystal clear", it would seem there would not have been some five and seven years later, the *Mullaney* and *Hankerson* decisions. This court cannot see fit to find attorney David incompetent because in April 1971, at the time of making the decision on Watson's appeal, he did not rely upon *Winship* (decided in March 1970), ruling generally that due process requires the prosecution to prove beyond a reasonable doubt every essential element of a criminal offense, and moreover, to retrospectively hold David responsible for failing to see that *Winship* would be the forerunner of numerous cases which together would amount to drastic changes in the law—changes favorable to his client. The court holds that David's failure to anticipate favorable developments in the law does not amount to ineffective assistance of counsel, *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and further holds that Edward David rendered effective assistance of counsel within the range of competence demanded of attorneys in criminal cases. *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).

The court having found petitioner to be entitled to no relief on any of his claims, IT IS HEREBY ORDERED THAT JAMES BRYANT WATSON'S PETITION FOR HABEAS CORPUS IS HEREBY DENIED. THIS ACTION IS DISMISSED.

SO ORDERED. THIS THE 23 DAY OF FEBRUARY, 1980. AT TRENTON, NORTH CAROLINA.