PER CURIAM.
On this appeal the appellant questions the correctness of the order denying without a hearing his motion filed pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
The first allegation made was that “county police and city police failed to inform defendant to all rights regarding the right to remain silent, and the right to legal counsel during the period of interrogation.” The second contention concerned the mental competency of appellant at the time of his trial proceedings.
It should be noted that appellant makes no mention of giving any confession during the interrogation at which he says he was without counsel. The right of counsel during the period of interrogation granted to an accused by the United States Supreme Court’s decision in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, applies only to persons whose trials began after June 13, 1966', the date of that decision. The Miranda case has no retroactive application. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The trial proceedings in appellant’s case occurred on May 18, 1966, thus any rights bestowed by Miranda did. not inure to the benefit of Stone. There is no question here of the admissibility of a confession into evidence since the appellant, who was represented by counsel, entered a plea of guilty to the information filed against him for breaking and entering with intent to commit a felony.
In disposing of appellant’s second contention the trial judge in his order stated “that the defendant had been adjudicated, sane and competent to assist counsel in preparing a rational defense to the charges pending against him at the time he pleaded guilty and was sentenced.” On this appeal the appellant is represented by the Public Defender and the brief filed in his behalf takes no issue with this finding on appellant’s competency. In Boone v. State, 183 So.2d 869 (Fla.App. 1st, 1966) cert. den. 189 So.2d 632, this court was faced with a similar situation and we there determined:
“Said order comes to this court clothed with the presumption that the pertinent facts stated therein are correct. There is nothing in the record to indicate the contrary and appellant has not challenged its accuracy.”
Since appellant failed to allege any facts which, if true, would constitute denial of his constitutional rights the trial judge did not commit error in denying the petition without a plenary hearing. We therefore affirm the order appealed.
WIGGINTON, C. J., and JOHNSON, and SPECTOR, JJ., concur.