PER CURIAM.
In his first Rule No. 1 motion (now Cr. P.R. 1.850, 33 F.S.A.) petitioner alleged that while in jail and without benefit of counsel he gave an involuntary confession, that he was not informed of his right to counsel at a preliminary hearing where he pleaded guilty to the charge of robbery, and that the public defender’s office inadequately represented him prior to arraignment, at which he pleaded guilty. This motion was summarily denied.
Petitioner filed a second motion with the trial court. This motion, which realleged those grounds raised in the first motion, was also summarily denied. Petitioner has appealed from this second denial.
It is established that a denial of a motion asserting certain grounds serves as res judicata when these grounds are sought to be raised again in a subsequent motion. Blunt v. State, Fla.App.1967, 203 So.2d 49.
Even if the doctrine of res judi-cata were not applicable petitioner would not be entitled to relief. A petition requesting relief under Rule No. 1 must allege facts which, if true, demonstrate a denial of his rights. Stone v. State, Fla.App.1967, 201 So.2d 472. In this case petitioner made only conclusory allegations concerning the alleged involuntary confession and inadequacy of counsel. These allegations are insufficient to justify a full evidentiary hearing. Furthermore, the petitioner has failed to show prejudice resulting from lrick of counsel at the preliminary hearing or from the alleged involuntary confession, since by virtue of his plea of guilty made at arraignment, with advice of counsel, the plea and confession were never used against him.
The order appealed from is affirmed.
LILES, C. J., and ALLEN and PIERCE, JJ. concur.