## EX PARTE: GEORGE F. PUCKETT

31 So. (2nd) 868                                        June Term, 1947
September 12, 1947                                        Division B
Rehearing denied October 18, 1947

George F. Puckett, in proper person.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General for State of Florida.

BUFORD, J.:

In a document which we consider as a petition for writ of habeas corpus George F. Puckett shows that he stands convicted of a fourth felony and is confined in State Prison under judgment and sentence of the Criminal Court of Duval County to serve the remainder of his natural life in such prison, and he avers that such conviction and sentence is void because it was imposed on the 8th day of June, 1944, and was based on three convictions had and entered against him on the 30th day of August, 1939, and one conviction had and entered against him on the 29th day of July, 1940.

He contends that he is entitled to be discharged because three of the convictions relied upon occurred on the same day in the same court and that, therefore, he is entitled to discharge on authority of our opinions and judgments in the cases of Joyner v. State, 158 Fla. 806, 30 So. (2) 304, and Ex Parte Cantrell, filed August 1st, 1947 (not yet reported).

We issued writ directed to Hon. Nathan Mayo, Custodian of the State Prison.

The Return shows that the representations of petitioner are true as far as they go, but petitioner has not presented the entire record.

The record now shows that on the 8th day of June, 1944, petitioner was convicted in the Criminal Court of Record of Duval County under two counts of an information charging breaking and entering with intent to commit a felony in the first count and grand larceny in the second count. Upon the conviction under the first count of the information petitioner was sentenced to imprisonment at hard labor in State Prison for the term of Fifteen Years and on the conviction under the second count he was sentenced likewise to serve Five Years to begin and run from the end of service of sentence under the first count. These sentences have not been reversed, vacated or set aside and petitioner is now held by respondent under a commitment issued pursuant to these judgments of conviction and sentences.

The return also shows that petitioner was on March 23rd 1945 convicted of the commission of eight felonies and was sentenced to serve one year under each conviction to run

**470**

consecutively, but to run concurrently with the sentence, supra, of June 8th, 1944.

So it is that petitioner is shown by the record to be far from being entitled to discharge.

The writ of habaes corpus heretofore issued is quashed and petitioner is remanded to the custody of respondent.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.