SEBRING, Justice.
This is an original habeas corpus proceeding which is before the Court for final disposition on the petition, the writ of habeas corpus and the respondent’s return thereto.
From these pleadings it appears that the petitioner was sentenced on February 4, 1943, to serve two consecutive 5-year sentences imposed for violations of the Uniform Narcotic Act. He was received at the State Prison to begin serving the term on February 8, 1943. He escaped from the State Prison on June 15,1944, and remained at large until March 18, 1954, at which time he was returned to custody.
He is not entitled to any credit on his said sentences for the period he was at large. Moreover by reason of his escape he forfeited all accrued gain time authorized by section 954.06, Florida Statutes, F.S.A.
Thus it appears from the record that the first 5-year sentence imposed by the trial court has not yet expired and therefore it becomes immaterial, in this proceeding, that there may be some question as to the validity of the second 5-year sentence, which is to begin to run at the conclusion of the first 5-year sentence that was imposed. Allison v. Baker, 152 Fla. 274, 11 So.2d 578; Ex parte Puckett, 159 *771 Fla. 468, 31 So.2d 868; Clemens v. Mayo, 159 Fla. 473, 31 So.2d 869.
Accordingly, it follows that the writ should .be quashed and that the petitioner should be remanded to custody.
It is so ordered.
•MATHEWS, C. J., and TERRELL and HOBSON, JJ., concur.