PER CURIAM.
This Court’s writ of habeas corpus heretofore issued upon petition of Richard Gor-man,. and respondent has filed his response thereto.
The effect of the petition was the contention that petitioner had been sentenced for the felony of escape upon an information charging only the misdemeanor of escape.
The return reflects petitioner was informed against for commission of the offense of escape while imprisoned pursuant to a felony charge, to which charge he plead guilty. Hence, petitioner was charged therein with a felony. Sec. 944.40, F.S.A.
The petition could be taken to further raise the question whether in fact petitioner, at the time of his escape, was actually incarcerated under a “charge” of a felony within the purview of the statute, Sec. 944.40, supra. However, in view of the fact petitioner plead guilty to the information charging him with the offense of escape, we cannot now in this habeas corpus proceeding undertake to explore the factual aspects of the matter which could have been tendered as a defense at the trial. Melton v. Culver, Fla.1958, 107 So.2d 378.
In an amendment to his petition the petitioner contended that subsequent con *668 victions for other offenses were illegal. Since he is presently lawfully detained, as herein determined, petitioner cannot at this time question any future detention under other convictions. Hitson v. Mayo, Fla.1955, 82 So.2d 591.
Accordingly, the writ heretofore issued should be, and hereby is, quashed, and the petitioner remanded to the custody of the respondent, without prejudice to bring habe-as corpus proceedings questioning his detention under the convictions complained of in the amended petition for habeas corpus at such time petitioner begins the serving of the sentences received thereunder.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.