PER CURIAM.’
In his petition for writ of habeas corpus the petitioner, Richard Charles Byers, alleged grounds which this Court felt to have merit. The writ issued and respondent was commanded to make return to it.
Respondent’s return shows that petitioner has not yet begun to serve the sentence of which he complains. He is currently detained by the respondent under a sentence of five years entered pursuant to conviction of another offense, said judgment and sentence being entered December 13, 1960. The sentence which he attacks was entered April 28, 1961 and was for ten years “at the expiration of sentence now serving.”
Petitioner is not entitled on habeas corpus to question the validity of a consecutive sentence he has not yet begun to serve, since he is already in custody under a sentence which he does not question. Finch v. Mayo, Fla.1955, 79 So.2d 770; Gorman v. Cochran, Fla.1961, 127 So.2d 667.
Accordingly, the writ heretofore issued must be quashed and the petitioner remanded to the custody of the respondent, without prejudice to his right to again petition for writ of habeas corpus wherein he may attack the second sentence, once he has completed serving his present sentence and has commenced serving the one herein questioned.
It is so ordered.
ROBERTS, C. J., and DREW, THOR-NAL, O’CONNELL and CALDWELL, JJ., concur.