153 So.2d 351 (1963)
Otis LEE, Appellant,
v.
STATE of Florida, Appellee.
No. D-376.
District Court of Appeal of Florida. First District.
May 21, 1963.
Rehearing Denied June 7, 1963.
*352 Hal Davis, Quincy, for appellant.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was indicted for the offense of rape. The trial jury rendered a verdict of guilty with a recommendation to mercy. From a judgment of guilty and sentence of life imprisonment, appellant has appealed.
It is first contended that the court erred by admitting in evidence a purported confession admittedly signed by appellant. Appellant concedes that he was not abused, threatened or mistreated in any way, but that he signed the confession without reading it because of fear. On appellant's motion to suppress, the issue before the trial judge was whether the confession was freely and voluntarily given after appellant had been fully advised of his constitutional rights against self-incrimination.[1] From the evidence adduced the trial judge had the alternative of believing the testimony given by appellant, or believing the testimony of the County Judge of Bay County, the Sheriff of Bay County, the Chief of Detectives of the Panama City Police Department, the secretary who prepared the typewritten confession signed by appellant, the notary public who administered the oath to appellant when he signed the confession and the disinterested attesting witness. The trial court chose to disbelieve the testimony of appellant and to believe the testimony of other witnesses which supported the validity of the confession. From the facts appearing in this record the trial judge was justified in concluding that the confession was valid in all respects. Appellant has failed to demonstrate that the court erred in admitting the confession in evidence over his objection.
It is next contended that the evidence is not sufficient to establish beyond a reasonable doubt that appellant is guilty of the offense with which he is charged. The issue as framed by appellant's point on appeal is one which may be decided only by the trial jury. Once this issue has been resolved against defendant by the rendition of a verdict of guilty, the sole authority of an appellate court is to review the record for the purpose of determining whether it contains sufficient competent substantial evidence which, if believed, will support the verdict.[2] Although the evidence as revealed by this record is conflicting in many instances, the credibility of the witnesses and the weight to be given the evidence were questions for decision only by the jury. We find in the record competent substantial evidence pointing toward appellant's guilt *353 of the offense with which he was charged. Under these circumstances we have no authority to set aside the verdict. This is particularly true in view of the refusal of the able trial judge to grant appellant's motion for a new trial based upon the insufficiency of the evidence to sustain the verdict.
We have considered the remaining points on appeal, but find them to be without substantial merit. The judgment is accordingly affirmed.
CARROLL, DONALD K., Chief Judge, and WIGGINTON and RAWLS, JJ., concur.
NOTES
[1] Frazier v. State, (Fla. 1958) 107 So.2d 16.
[2] Zalla v. State, (Fla. 1952), 61 So.2d 649.