185 So.2d 701 (1966)
Milton Edward FRETWELL, Jr., Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 35100.
Supreme Court of Florida.
April 27, 1966.
W.D. Frederick, Jr., Public Defender, and W. Quinten Nelson, II, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for respondent.
PER CURIAM.
This cause is before us on petition for writ of habeas corpus attacking petitioner's conviction and sentence to forty years for robbery imposed on September 15, 1965, by the Criminal Court of Record of Orange County. We issued the writ and have considered the return of the Attorney General. It now appears that petitioner is presently serving an indeterminate sentence of six months to five years for armed robbery imposed April 9, 1965, by the Circuit Court of Volusia County.
Petitioner does not question the sentence he is presently serving and is not entitled on habeas corpus to attack the validity of a consecutive sentence he has not yet begun to serve. Byers v. Cochran, 143 So.2d 319 (Fla. 1962).
Accordingly petition for writ of habeas corpus is discharged.
THOMAS, ROBERTS, DREW and CALDWELL, JJ, concur.
THORNAL, C.J., agrees to judgment.
ERVIN, J., concurs specially with opinion.
ERVIN, Justice (concurring specially).
I agree to the judgment herein. However, I think the discharge of the writ of habeas corpus should not be based upon the fact the Petitioner is not serving the judgment and sentence sought to be reviewed; instead, the writ should be discharged because it does not appear Petitioner's fundamental right of appeal was improperly denied, which is the primary issue submitted *702 by the writ. Petitioner's public-supplied counsel determined an appeal of the judgment of conviction sought to be reviewed here was frivolous. Subsequently the District Court of Appeal reviewed a transcript of the proceedings in the case and independently came to the same conclusion. It sua sponte quashed the appeal. See Carr v. State (Fla.App.2d, 1965), 180 So.2d 381; Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.
When a petition for writ of habeas corpus or a Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, motion raises the question whether an appeal was improperly denied it seems to me the question should be directly decided on the propriety of the denial without the necessity of the Petitioner having to wait until he is in custody under the sentence involved.