JOHNSON, Judge.
Following a denial of his petition for writ of habeas corpus in the Circuit Court for Union County, Mann has appealed to this Court. Mann is incarcerated in the state prison serving a sentence imposed by the Court of Record of Broward County. When this sentence is served (tentative termination date is August 27, 1967) he is scheduled to begin serving a consecutive sentence imposed by the Circuit Court of Alachua County.
In his petition for writ of habeas corpus Mann attacked the Alachua County judgment and. sentence by urging that the State knowingly used perjured testimony at his trial in Alachua County and also that Negroes had been systematically excluded from the jury panel. These grounds were found by the circuit judge to be insufficient for issuing the writ of habeas corpus.
The law in this state is firmly established that a petitioner may not utilize habeas corpus proceedings to attack the validity of a consecutive sentence when he is presently confined under a sentence which he does not question. Fretwell v. Wainwright, 185 So.2d 701 (Fla.1966) ; Byers v. Cochran, 143 So.2d 319 (Fla.1962) ; Gorman v. Cochran, 127 So.2d 667 (Fla.1961). In his brief submitted to this Court the appellant states that he is questioning his Broward County sentence by a habeas corpus proceeding now pending in the United States District Court for the Middle District of Florida. However, we are of the view that such fact does not operate to allow the appellant to proceed by habeas corpus to assail the Alachua County sentence which he has not yet begun to serve, since at the time the petition was filed in the lower court and at the present time the appellant remains lawfully confined under the Broward County sentence. The function of habeas corpus is to test the legality of a petitioner’s present detention. Sneed v. Mayo, 69 So.2d 653 (Fla.1954). Presently, Mann is still legally imprisoned under the Broward County sentence and hence can not in a habeas corpus proceeding raise any alleged illegality concerning a sentence for which he is not now being detained.
In noticing the grounds appellant raised in his petition for writ of habeas corpus we mention by way of added comment that the question of alleged perjured testimony of a witness at the Alachua County trial has previously been considered by this Court and disposed of adversely to the appellant. That question was submitted to us by appellant in an appeal from the denial of his Criminal Procedure Rule 1 motion, F.S.A. ch. 924 Appendix. We affirmed the lower court’s denial of appellant’s Rule 1 motion in Mann v. State, Fla. App., 177 So.2d 902. The other ground raised by appellant in his petition for writ of habeas corpus concerns the systematic exclusion of Negroes from the jury panel. This point was not asserted by appellant at any time during his trial at which he was found guilty and for which the Alachua County sentence was imposed. This Court in Lee v. State, 173 So.2d 520 (1965) held that when an objection to the manner in which the jury is selected and impaneled is not timely raised in the trial court then such question cannot be presented for the first time in a collateral attack upon the conviction.
For the above reasons we therefore affirm the order appealed.
WIGGINTON, Acting C. J., and SACK, J., concur. .