199 So.2d 134 (1967)
Sam Henry HOUSE, Appellant,
v.
STATE of Florida, Appellee.
No. I-202.
District Court of Appeal of Florida. First District.
May 9, 1967.
Sam Henry House, in pro. per.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
Sam Henry House appeals from an order which summarily denied his motion filed pursuant to Criminal Procedure Rule 1, F.S.A., ch. 924 Appendix. This collateral attack on the judgment of conviction of House lists four grounds which he feels *135 entitles him to relief under Rule 1 proceedings. We agree with the trial judge that House's motion contained no meritorious grounds for granting a vacation of his sentence.
The first ground raised by House was that at his trial the State knowingly used the perjured testimony of five State witnesses. The motion set forth no factual basis in support of such general conclusion on the part of the pleader. Such bare allegation as made in the motion was not sufficient to require that the trial court hold a hearing to consider all of the evidence adduced at the trial. See Buchanan v. State, 184 So.2d 225 (Fla.App.3d, 1966); Gammage v. State, 162 So.2d 529 (Fla. App.3d, 1964); Austin v. State, 160 So.2d 730 (Fla.App.2d, 1964).
Next, House argued that his constitutional rights were violated because members of the Negro race were arbitrarily and systematically excluded from the jury panel. An objection of this nature should be timely made in the trial court. We have previously ruled that this question cannot be raised for the first time in a collateral attack proceeding as appellant attempts to do in the case at bar. Lee v. State, 173 So.2d 520 (Fla.App. 1st, 1965); Mann v. Wainwright, 191 So.2d 867 (Fla. App. 1st, 1966).
The next grounds urged by appellant concerned an alleged prejudicial remark made by the prosecuting attorney in his closing argument and the possibility that the State suppressed the testimony of a state trooper. These matters, we feel, are proper subjects for review by direct appeal from judgment and conviction and not initially by a Rule 1 motion. It is the bare conclusion of appellant that a particular remark by the prosecuting attorney caused the minds of the jurors to be inflamed and prejudiced. Appellant concludes that evidence was suppressed because a proffer of the testimony of the state trooper was made while the jury was excused. This testimony could have been ruled inadmissible for a number of reasons. Merely because the testimony of the state trooper did not get before the jury is not a sufficient basis to support the theory that testimony was suppressed.
Since the grounds presented in the motion were legally insufficient to entitle appellant to the relief sought, the trial judge properly denied the motion. We hereby affirm the order appealed.
WIGGINTON, Acting C.J., and JOHNSON and SPECTOR, JJ., concur.