THORNAL, Justice.
This matter is considered on an original application for habeas corpus, a return and exhibits attached to both documents.
Petitioner Keith seeks release from the State Prison where he currently serves a life sentence for the crime of kidnapping. He was originally convicted and sentenced on December 17, 1935. Since that date he has been in and out of prison on parole and parole violations, including subsequent crimes committed while at liberty on parole. The sentence which petitioner now serves resulted from a re-trial on the kidnapping charge under Florida’s version of the so-called “Lindbergh Law,” originally enacted as Chapter 16063, Laws of Florida, 1933. It is now cited as Fla.Stat. § 805.02 (1967), F.S.A. The 1933 statute was held to be constitutional in Finch v. State, 116 Fla. 437, 156 So. 489 (1934).
Initially, Keith and another were convicted and sentenced to death, there being no recommendation of mercy. On appeal *187 this conviction was reversed and a new trial ordered. Keith v. State, 120 Fla. 847, 163 So. 136 (1935). At the re-trial Keith was again found guilty, but this time the jury recommended mercy and he was sentenced to life imprisonment. This conviction wras not appealed. It is this conviction which is now assaulted.
It initially appeared that petitioner was attacking a sentence which he was not yet serving, thereby calling into play the rule of Fretwell v. Wainwright, 185 So.2d 701 (Fla.1966). In that event we would have been confronted by the impact of Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 2d 426 (1968), which overruled McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Our decision in Fretwell stems from a long line of cases which relied on the McNally concept. However, we are relieved of a present collision between our Fretwell rule and the rule of Peyton v. Rowe, supra, by a careful analysis of petitioner’s complex of prison sentences. Without exploring the details, we conclude that petitioner is currently serving the conviction which he attacks. By an amended return the respondent agrees.
The prison drafted petition, though short in rhetoric, extensively demonstrates a substantial degree of expertise in presenting the essential aspects of a collateral post-conviction attack on a prison sentence. Two grounds for relief are urged:
(1) A claimed denial of the effective assistance of counsel because Keith was served by a court-appointed lawyer who had also been privately employed by a co-defendant. Baker v. State, 202 So.2d 563 (Fla.1967).
(2) The 1935 life sentence conviction was not appealed and he should have been offered a lawyer to effect an appeal.
On the first point we find no merit. This is a collateral attack on the thirty-three year old judgment. In Dunbar v. State, 220 So.2d 366, (filed March 12, 1969, Fla.), we held that the rule of Baker v. State, supra, should not be retroactively applied in a collateral attack proceeding. Moreover, there is no claim of prejudice resulting from the joint representation. Belton v. State, 217 So.2d 97 (Filed December 17, 1968, Fla.). In fact the record shows that the defendant who allegedly privately employed the lawyer received precisely the same penalty as did this petitioner after the lawyer obtained a new trial for petitioner by. appeal. Compare Keith v. State, 120 Fla. 847, 163 So. 136 (1935), with Keith v. State, 121 Fla. 432, 163 So. 884 (1935).
On the second point the petitioner merely states that his second conviction (the life sentence) was not appealed and that he was not offered a lawyer for the purpose. Nowhere does he claim that he wanted to appeal or that any error occurred at his second trial which would have justified a reversal if he had appealed. On the contrary, in the appellate review of the death sentence conviction it was indicated that the evidence could support the ultimate penalty. If the second conviction with a mercy recommendation had been subjected to appellate review and succeeded, a third trial might well again have produced a death penalty. Be that as it may, in this collateral post-conviction attack the petitioner fails to allege any prejudicial, reversable error that would have availed him any fruitful results if he had appealed the life sentence. There being a total lack of any claim, or even any indication, that an appeal was either desired or potentially beneficial, this belated claim to a right to appeal with the assistance of counsel is found to be without merit. Victor v. Lane, 394 F.2d 268 (7th Cir.1968); Pierson v. State, 214 So.2d 17 (1st Dist.Fla.App.1968); Milligan v. State, 194 So.2d 663 (2d Dist.Fla.App.1967); Murray v. State, 191 So.2d 292 (3d Dist.Fla.App.1966); Nelson v. State, 208 So.2d 506 (4th Dist.Fla.App.1968). We are not here confronted by a prisoner’s effort to effectuate an allegedly meritorious appeal which he claims was frustrated by a state function *188 ary, State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla.1964), or by belatedly claimed trial defects rendered impotent for appellate review by state action or inaction. Cappetta v. Wainwright, 203 So.2d 609 (Fla.1967); Alderman v. State, 188 So.2d 803 (Fla.1966).
The writ is discharged.
It is so ordered.
ROBERTS, Acting C. J., and DREW, CARLTON and ADKINS, JJ., concur.