CARLTON, Justice.
We now review the first degree murder conviction of Rudolph Baker for the slaying of his wife at Fort Myers on December 21, 1966. The jury did not recommend mercy. Our jurisdiction vests by virtue of Article V, Section 4(2), Florida Constitution (1885), F.S.A.
The essential facts are not at issue in this appeal. Appellant Baker and his wife lived in Fort Lauderdale. After an argument between them, Mrs. Baker fled secretly to Fort Myers where she took up residence and resumed a former employment in the kitchen of a Fort Myers hotel. A month later she was followed by her husband. He maintained at trial that he had received a card from her and that he went to see her in hopes of effecting a reconciliation.
When Baker arrived in Fort Myers, he went immediately to the hotel where he found his wife working in the kitchen. She was apprehensive, but willing to talk. The hotel chef testified that shortly after Baker began talking with his wife, the hotel manager came into the kitchen and politely asked Baker to leave. Baker had once worked in the same hotel and he was well-known to the manager. According to the chef, as the manager spoke with her husband, Mrs. Baker bolted from her husband’s side and ran for the dining room door. At that point Baker drew a pistol from beneath his clothing and shot at his wife.
Numerous hotel employees and guests testified that Baker then pursued his wife through the hotel dining room where he shot at her a second time. Mrs. Baker sought refuge in a small office adjoining the dining room, but to no avail. Baker followed her into the office and shot at her three more times. Mrs. Baker died immediately from the effects of her wounds. The Bakers were followed into the office by the hotel manager. He was also shot to death. The manager was unarmed. Baker fled the hotel but surrendered quietly to an officer who had come to investigate the disturbance.
The trial we now review concerned only the death of Mrs. Baker. We have read through the transcripts and have considered the evidence carefully in accordance with the mandate of F.S. 924.32(2), F.S.A. We are satisfied that the evidence amply supports and justifies the conviction. Appellant does not argue otherwise. However, appellant does assert that his conviction was tainted by numerous constitutional er *329 rors which require a reversal and a remand for new trial. We cannot agree.
The first alleged constitutional error involves appellant’s right to counsel. He points out that though he was arrested on December 21, 1966, he was not provided with counsel as an indigent until January 30, 1967. Appellant suggests that this lapse of one month and ten days evidences a patent and constitutionally impermissible deprivation of his right to counsel. It should be noted, however, that he does not allege that he was not informed of his right to an appointed attorney; in fact, he cannot do so because the record fully establishes that he received the requisite constitutional warnings shortly after his arrest on December 21, 1966.
The record does not disclose why appellant did not elect to request an attorney until more than a month after his arrest. On the other hand, the record does clearly show that the trial court appointed an attorney for appellant immediately upon its becoming aware of his indigency and desire for counsel on January 30, 1967. Appellant’s counsel, once appointed, filed several pre-trial motions, including motions testing the sufficiency of the indictment. Further, he represented appellant at the preliminary hearing at which time witnesses were presented for both the prosecution and the defense. After this hearing, he entered a “not guilty” plea on behalf of his client. Appellant’s counsel continued this able representation throughout the trial. Since appellant neither contends that he was denied the opportunity of exercising his right to seek the assistance of appointed counsel, nor attempts to demonstrate any recognizable form of prejudice to his cause by the lapse in time betv °.en arrest and representation, we must hold that his assertion that he was deprived of his right to counsel is wholly without merit. See Lee v. State, 173 So.2d 520, 525 (1st D.C.A. 1965).
The second allegation of error consists of a two-pronged attack on the constitutionality of F.S. 919.23(2), F.S.A., which allows a jury in capital cases to make a recommendation of mercy. Appellant contends that the statute is “void for vagueness” in that it does not set out standards to govern a mercy recommendation. He also contends that the statute effectively delegates the power of sentencing to the jury in violation of the elemental due process principle that sentencing is a judicial function. Neither of these contentions are tenable. Both have been adjudicated and found to be without merit at the State and Federal level. Thomas v. State, 92 So.2d 621 (Fla.1957); State ex rel. Thomas v. Culver, 253 F.2d 507 (5th Cir. 1958); Andres v. United States, 333 U.S. 740, 68 S.Ct. 880, 92 L.Ed. 1055 (1948).
The final error appellant would bring to our attention is simply an assertion that F.S. 932.20, F.S.A., which provides for the exclusion of certain potential jurors from a capital case, is unconstitutional on its face by virtue of Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1969). Appellant does not allege that any specific potential jurors were eliminated from his trial by operation of the statute. He merely maintains that the statute was operable during his trial and that, presumably, his case was thereby prejudiced. In the recent case of Williams v. State, filed April 23, 1969, Case No. 37, 316, this Court held that F.S. 932.20, F.S.A. was not only clearly constitutional but, in fact, actually tracked the essential holding of the Witherspoon case.
Having weighed the evidence and having considered the testimony, arguments and briefs arising out of this cause, we must now hold that the conviction of appellant was justified, amply supported by the evidence and free from constitutional error. We, therefore, affirm the conviction.
It is so ordered.
ROBERTS, DREW, ADKINS, BOYD and CALDWELL (Retired), JJ., concur.
ERVIN, C. J., concurs in judgment.