PER CURIAM.
The appellant, having been charged by information with the crime of armed robbery, when arraigned in the Dade County Criminal Court of Record pleaded guilty to the offense of robbery, and on September 3, 1953, was so adjudged and sentenced therefor to confinement in the state penitentiary for a period of ten years. This appeal is from a ruling of the trial court denying his fourth motion for relief therefrom, filed on October 9, 1967, under Rule 1.850 CrPR, 33 F.S.A. The order of the trial court, entered January 30, 1968, was on the merits of the motion and did not deal with the question of the status of the defendant’s confinement as having a bearing on his standing to apply under the rule for such relief.
The defendant appealed, and thereafter a motion was filed in this court by the appellant, through the public defender as his counsel, requesting that jurisdiction be relinquished to the trial court to consider and rule on the question of whether the defendant-appellant had standing to file the motion for relief, upon consideration of his status as to confinement. We granted the motion, and thereafter the trial court entered an order holding that the motion for relief should be denied on that ground, stating “That movant is not presently incarcerated by virtue of the sentence heretofore imposed upon him in this cause on September 3, 1953.” In that order the trial court also repeated the holding of its prior order that the grounds for relief asserted in the motion were refuted by the record.
The cause then was resumed here, and the point relating to the right of the movant to seek relief was briefed and argued. Whereupon, contrary to the ruling of the trial court on that point, we conclude and hold that in the circumstances presented as to the confinement status of the defendant-appellant, he had standing to move for *582 relief from the 1953 adjudication and sentence. The record discloses that after serving approximately three years of the ten year sentence of September 3, 1953, the appellant was paroled in 1956; that thereafter he was convicted of armed robbery and began serving a sentence imposed for that offense; that prior to completing that second sentence he was again paroled in 1965, and again convicted and sentenced for breaking and entering and was returned to the penitentiary in 1967; that he is presently serving those intervening sentences and upon completion thereof will be required to serve the balance of his original ten-year sentence imposed in 1953.
Under the recent decision of the United States Supreme Court in Peyton v. Rowe, (1968) 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 2d 426, it appears that in circumstances such as those recited above as to confinement, an analogous application for relief from the first conviction and sentence if filed by a prisoner in federal custody would be entertained in the federal courts.
We also note that under the holding of the Florida case of Fretwell v. Wainwright, Fla.1966, 185 So.2d 701, the appellant would not be considered to have the standing entitling him to seek relief from the 1953 conviction and sentence under Rule 1.850 CrPR.
However, on the authority and reasoning of the federal court as expressed in the more recent case of Peyton v. Rowe, supra, we hold that the fact that the appellant was serving an intermediate sentence did not deprive him of status to seek relief under Rule 1.850 from the earlier conviction and sentence, where a portion of the latter sentence remained to be served on expiration of the intervening sentence or sentences currently being served.
On consideration of the matters raised in the appellant’s fourth motion for relief in the trial court, not previously presented and rejected by the trial court in the three earlier motions, we find no meritorious ground asserted which is not dissipated by the record, as m fact was held by the trial court. Whereupon, the order of the trial court denying the motion on its merits is affirmed.
It is so ordered.