MANN, District Court Judge
(concurring specially):
There is in this record no allegation that Jernigan was prejudiced either by the trial court’s denial of continuance of the failure to furnish Jernigan, then indigent, counsel on appeal and to advise him of his rights to appeal.
Jernigan was represented by two privately engaged lawyers, who moved for continuance but no reason is shown why the granting of the continuance would have made them better prepared for trial, and this is not to be presumed. I find no decision of this Court, solicitous as it has been for the rights of the unprepared defendant and his unprepared counsel, which suggests that a continuance is mandatory simply because the information is filed and the trial conducted on the same day. It is arguable that more cases ought to be tried promptly, after sufficient time for the defendant and counsel to confer and prepare, while the memories of witnesses are fresh. Citizens may be reluctant to get involved — as they must, if our communities are to live in peace — in proceedings which are continued without reason, requiring them to return time and again to the court as if the courts were run solely at the convenience of judges and lawyers. I find nothing inherently wrong and much possibly right with this speedy trial. Jernigan was convicted at a trial for armed robbery at which his co-defendant and the victim testified for the state and he testified in his own defense. One count was nol pressed upon motion of his counsel that the state be required to elect. The .victim named in that count testified for the state. This record suggests to me that it is quite possible that at the time of the trial, five days after the offense, both Jernigan and his lawyers knew as much about the case and the evidence as they would if a continuance were granted. If prejudice resulted from the denial it should have been alleged, but it wasn’t. Watson v. State, Fla.App.1966, 169 So.2d 887, was different. There counsel had no opportunity to confer with the accused.
There being no showing of prejudice resulting from the denial of a continuance, there was no basis for an appeal shown on this record. I agree with all that was said *274 by Judge Wisdom in Pate v. Holman, 341 F.2d 764 (5th Cir. 1965), on which Jernigan relies, but there the petitioner alleged that he had a sound basis for the appeal which was denied him. This is essential. Keith v. State, Fla.1969, 222 So.2d 186.
MELVIN, Circuit Judge, concurs.