231 So.2d 205 (1970)
Reuel LAWSON, Petitioner,
v.
The STATE of Florida, Respondent.
No. 38957.
Supreme Court of Florida.
January 28, 1970.
*206 Robert L. Koeppel, Public Defender and Gregory B. Hoppenstand, Asst. Public Defender, for petitioner.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its opinion reported in 225 So.2d 581, is one which involves a question of great public interest. See Sec. 4(2), Art. V, Florida Constitution, F.S.A.
The certificate accompanying the decision here states:
"[T]hat the decision of this court in this case `passes upon a question * * * of great public interest' whether a defendant *207 convicted and serving a sentence thereon who is paroled and thereafter is convicted and sentenced on a subsequent charge, and is serving such intermediate sentence with time remaining to be served thereafter in order to complete the first sentence, has standing to move in the trial court under Rule 1.850 CrPR for relief from the first conviction and sentence."
The statement of the question with such particularity is helpful to this Court in the ultimate determination of the cause.
A prisoner serving consecutive sentences is "in custody" under any one of them for the purposes of Rule 1.850, Florida Rules of Criminal Procedure, 33 F.S.A., formerly Criminal Procedure Rule One. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. See Keith v. State, 222 So.2d 186 (Fla. 1969). Our decision in Fretwell v. Wainwright, 185 So.2d 701 (Fla. 1966), which relied on the McNally concept is overruled.
The orders of the trial court relating to this question were entered prior to May 20, 1968, the date of the Peyton decision and were correct until Peyton overruled McNally. Such are the uncertainties facing the trial judge.
Where a question is certified to this Court by a District Court of Appeal as one of great public interest, our scope of review is extended to the entire decision of the District Court, and not just the question certified. Pan American Bank of Miami v. Alliegro, 149 So.2d 45 (Fla. 1963); Boulevard National Bank of Miami v. Air Metal Industries, Inc., 176 So.2d 94 (Fla. 1965).
The defendant was informed against on August 15, 1953, for armed robbery, principal in the second degree. The Minutes of the Criminal Court of Record reflect the arraignment on September 1, 1953, in the following language:
"The Defendants, Reuel Lawson, Eugene Williams, Herbert Taylor and Gerald Thomas, were arraigned in open Court by Earl D. Waldin, Jr., Assistant County Solicitor, and the Defendants, Reuel Lawson, Eugene Williams and Gerald Thomas, pleaded guilty, the Defendant, Herbert Taylor, pleaded not guilty, waiving trial by Jury.
"Case continued."
On September 3, 1953, judgment and sentence were entered. The Court Minutes describe these proceedings in the following language:
"Earl D. Waldin, Jr., Assistant County Solicitor.
"M. O'Quinn, Counsel for the Defense.
"David L. Feldman, Celia Feldman, Harold Jones and the Defendants, Reuel Lawson and Eugene Williams, were sworn and testified before the Court.
"The Court adjudged the Defendants, Reuel Lawson, Eugene Williams, Herbert Taylor and Gerald Thomas, guilty and sentenced them as follows:"
Defendant was sentenced to a term of ten years in the State Prison. After serving three years he was paroled, then convicted of armed robbery. Before completing the second sentence he was again paroled, again convicted and sentenced for breaking and entering. He is presently serving the intervening sentences.
The motion to vacate under consideration was the fourth one filed by the defendant. Each of the prior three denials were based upon the fact that defendant was not "in custody" and upon the fact that the files and records refuted his allegation that he was without counsel at the arraignment and at the imposition of sentence.
The law is clear, as contended by the State, that a summary denial of a motion *208 to vacate under Rule 1.850, Florida Rules of Criminal Procedure, is authorized where the same allegation has been raised and rejected in prior motions. Echols v. State, 210 So.2d 13 (Fla.App.2d 1968); Weeks v. State, 201 So.2d 764 (Fla.App.3d 1967); Taylor v. State, 183 So.2d 865 (Fla. App.3d 1966). However, in the case sub judice, the previous denials were authorized under the reasoning in Fretwell v. Wainwright, supra, and McNally v. Hill, supra. The Court could not entertain a motion to vacate in the first instance until it appeared that defendant was "in custody" under the decisions as they then existed, so the allegation of lack of counsel at arraignment and sentencing was not before the Court at the time of the denial of any of the previous motions. In the light of these circumstances, we are not precluded from considering the correctness of the summary denial of defendant's contention that he was without counsel on the ground that this contention was previously rejected.
Rule 1.850 contains the following provision:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."
In discussing this rule a District Court of Appeal in Sampson v. State, 158 So.2d 771 (Fla.App.2d 1963) said:
"Accordingly, if, upon examination of the motion, it is found defective in form or substance and insufficient to state a prima facie case entitling the prisoner to relief, summary disposition is proper. Savage v. State, Fla.App. 1963, 156 So.2d 566; King v. State, Fla. App. 1963, 157 So.2d 440. Similarly, if upon examination, the motion is sufficient but the `files and records in the case' conclusively refute the allegations or otherwise conclusively preclude relief, summary denial is proper. Absent one of these requisites, summary denial is improper and the provisions of the Rule for notice, hearing and determination of the issue must be followed. King v. State, Fla.App. 1963, 157 So.2d 440; Crosby v. State, Fla.App. 1963, 157 So.2d 867."
See also, Stanley v. State, 203 So.2d 31 (Fla.App.2d 1967); Florida's Criminal Procedure Rule Number One by Sidney A. Stubbs, Jr., 17 Fla.Law Rev. 617 (1964-1965).
The motion under consideration was sufficient to notify the Court that defendant complained because of lack of counsel at arraignment and sentencing. Thereupon, it became necessary for the Court to examine the "files and records in the case" for the purpose of determining whether such files and records "conclusively show that the prisoner is entitled to no relief." The only entry in the record showing presence of counsel is the extract from the Minutes of September 3, 1953, reciting:
"M. O'Quinn, Counsel for the Defense.
"David L. Feldman, Celia Feldman, Harold Jones and the Defendants, Reuel Lawson and Eugene Williams, were sworn and testified before the Court.
"The Court adjudged the Defendants, Reuel Lawson, Eugene Williams, Herbert Taylor and Gerald Thomas, guilty and sentenced them * * *."
If defendant had counsel for the first time at sentencing, he waived lack of counsel at arraignment when he made no request or motions at sentencing, but stood on his plea of guilty made at arraignment. Sardinia v. State, 168 So.2d 674 (Fla. 1964). This entry in the Minute Book does not "conclusively show" that M. O'Quinn represented defendant at the time of sentencing. Summary denial, therefore, was improper and the defendant should be granted a hearing on this question.
*209 At the hearing the defendant will be faced with a presumption that the judgment and sentence were regular. He must prove by a preponderance of the evidence,
(1) that he was not represented by counsel;
(2) that he was financially unable to employ counsel; and
(3) that he did not competently and intelligently waive his right to counsel.
The fact that the record may be silent as to whether or not defendant requested counsel, or whether or not defendant was offered counsel, does not create a presumption that the defendant waived his constitutional right to counsel. Presuming waiver from a silent record is impermissible. King v. State, 157 So.2d 440 (Fla.App.2d 1963).
The last paragraph of the opinion of the District Court reads as follows:
"On consideration of the matters raised in the appellant's fourth motion for relief in the trial court, not previously presented and rejected by the trial court in the three earlier motions, we find no meritorious ground asserted which is not dissipated by the record, as in fact was held by the trial court. Whereupon, the order of the trial court denying the motion on its merits is affirmed."
This cause is remanded to the District Court for the purpose of a further remand to the Criminal Court of Record of Dade County, Florida, with instructions that defendant be granted a hearing on his motion to vacate.
ERVIN, C.J., and CARLTON and BOYD, JJ., concur.
MANN, District Judge, concurs specially with opinion.
MANN, District Judge (concurring specially).
I think that Mr. Justice Thornal's opinion in Roy v. Wainwright, Fla. 1963, 151 So.2d 825, correctly stated the philosophy of CrPR 1.850 as the Court has today expressed it. This was long before the Supreme Court of the United States reminded us in Peyton v. Rowe, supra, how far we had strayed from that sound opinion. My reasons are elaborated in Reynolds v. State, Fla.App. 1969, 224 So.2d 769, and need not be repeated. See also Mr. Justice Ervin's special concurrence in Fretwell, supra.