### STATE v. POSEY.
No. 67-I-59.
Circuit Court, Santa Rosa County.
March 4, 1970.

Horace A. Knowlton, III, Assistant Attorney General, and Curtis A. Golden, State Attorney, for the state.

M. H. Myerson, Jacksonville, and Philip D. Beall, Pensacola, for the defendant.

## WOODROW M. MELVIN, Circuit Judge.

This cause is before the court upon the petition of Edsel Posey, proceeding under Criminal Rule 1.850, to vacate the jury verdict, judgment and sentence rendered in the above prosecution. The defendant incorporates as a part of his petition here the proceedings had in the United States District Court, Middle District of Florida, in Edsel Posey, Petitioner, versus Louie L. Wainwright, Director, Division of Corrections, State of Florida, Respondent, No. 69-358-Cir-J.

The history of the case is correctly set forth in the state's response, as follows —

> On October 17, 1967 petitioner was indicted for second degree murder by a grand jury in and for Santa Rosa County, Florida. On January 29, 1968 petitioner filed a motion to challenge the panel and to quash the venire based *solely* on the grounds that there were no veniremen from Allentown, the residence of petitioner and the area where the alleged offense occurred. On January 29, 1968 this motion was denied and the trial was held wherein petitioner was found guilty by a jury verdict of murder in the second degree. This court sentenced petitioner to 20 years in state prison.

> Petitioner perfected an appeal of his conviction to the First District Court of Appeal, State of Florida, alleging that his conviction was invalid because of: (1) the failure of the jury venire to include voters from the defendant's own community and home, (2) an alleged *Miranda* violation, and (3) sufficiency and weight of the evidence. This appeal was decided adversely to petitioner by the First District Court of Appeal, Posey v. State, 214 So.2d 750.

> Petitioner then attempted to obtain certiorari in the Florida Supreme Court and the same was denied him on February 5, 1969.

Petitioner then filed a habeas corpus proceeding in the United States District Court for the Middle District of Florida, Jacksonville Division. Depositions were taken and a hearing was held in said court on November 25, 1969. Following said hearing an order was entered by the United States judge in said cause on December 2, 1969, which found petitioner's *Miranda* claim without merit and did not rule on any irregularities in the selection of the venire pending exhaustion of state remedies.

The state, having responded to defendant's petition, counsel for the state of Florida and Edsel Posey appeared before this court on February 27, 1970 and presented their arguments.

Prior to and at all times during the state trial court and appellate proceedings relating to the above entitled prosecution, the defendant Posey was energetically and tirelessly represented by counsel of his choice, Brooks Taylor, of Crestview, who was and is a seasoned and experienced trial attorney specializing in the trial of criminal cases. The defendant's motion to quash or challenge the venire contained the only ground upon which the defendant chose to call into question the venire, viz: the alleged failure to include therein veniremen from his community of Allentown. After the state and the defendant had announced ready to proceed (tr. 14), it developed that on voir dire examination, in response to the question — "Q. How many of you are friends or business acquaintances of the defendant, Edsel Posey?" (tr. 18), juror W. Z. Allen answered — "A. W. Z. Allen, I live in the same community and I am a friend." (tr. 19).

The defendant, under the pretense of state violation of his constitutional rights, now seeks, in violation of Florida rules for orderly trial procedure (CR 1.300), to present for the first time in state court his contention as to other alleged irregularities on the part of the jury commissioners of Santa Rosa County relating to the venire from which the grand and petit juries were drawn. This, the defendant may not now do. Lee v. State, (Fla. App. 1965), 173 So.2d 520; Mann v. Wainwright, (Fla. App. 1966), 191 So.2d 867; House v. State, (Fla. App. 1967), 199 So.2d 134; Blount v. State, (Fla. App. 1967), 203 So.2d 49.

This court is not aware of any constitutional principle that requires any state or the United States Government to allow a defendant to engage in permissive selectivity as to the ground upon which, or the time when, or the judicial forum, he will choose to challenge a jury panel.

This court does not understand the law to be that a defendant may sit back until lead-footed justice has brought him all the way through pre- and post-trial proceedings, state appellate and state Supreme Court review, and then, having not prevailed upon the

merits, demand, some two years later, the right to present that which he did not care to present in accord with the applicable rule. Such contention does not have any greater status than brambles seeking root in a garden of justice. Mark Twain is quoted as having once said "Man is the only animal that can blush, or that sometimes needs to."

It is nowhere claimed that any individual member of the grand jury or petit jury who indicted and convicted the defendant of murder — that is to say, of destroying his victim's constitutional right to life — failed to possess the jury qualifications required by law, or that any such member was prejudiced against the defendant.

The petition is without merit. Therefore, it is ordered that the petition of Edsel Posey to vacate the verdict, judgment and sentence imposed in the above proceedings is denied.