STOKES, ROBERT, Associate Judge.
Appellant was convicted of breaking and entering with intent to commit a misdemeanor and posssession of a firearm by a convicted felon.
It is urged that the trial court erred in failing to provide counsel for the appellant and the deprivation resulted in a confession being unlawfully admitted into evidence against the appellant.
Appellant states that he requested counsel at his first appearance hearing some seventy two (72) hours after arrest, but one was not appointed until approximately sixty eight (68) days after his arrest.
Examination of the record clearly reflects that the appellant was taken before a magistrate prior to giving a statement. The motion to suppress filed in the lower court was not predicated on the absence of proper warning, or the delay and denial of counsel, but that the statement was in exchange for a promise that appellant would be placed in a cell with his younger brother whom he was worried about. This was refuted by the officers whom apparently the trial judge chose to believe, thereby finding the statements being made freely and voluntarily. In the case of Baker v. State, 225 So.2d 327 (Fla.1969), the Supreme Court rejected a claim similar to the case at bar citing to this Court’s opinion in Lee v. State, 173 So.2d 520 (Fla.App. 1st, 1965), saying:
“The record does not disclose why appellant did not elect to request an attorney until more than a month after his arrest. On the other hand, the record does clearly show that the trial court appointed an attorney for appellant immediately upon its becoming aware of his indigen- *463 cy and desire for counsel on January 30, 1967. Appellant’s counsel, once appointed, filed several pre-trial motions, including motions testing the sufficiency of the indictment. Further, he represented appellant at the preliminary hearing at which time witnesses were presented for both the prosecution and the defense. After this hearing, he entered a ‘not guilty’ plea on behalf of his client. Appellant’s counsel continued this able representation throughout the trial. Since appellant neither contends that he was denied the opportunity of exercising his right to seek the assistance of appointed counsel, nor attempts to demonstrate any recognizable form of prejudice to his cause by the lapse in time between arrest and representation, we must hold that his assertion that he was deprived of his right to counsel is wholly without merit. See Lee v. State, 173 So.2d 520, 525 (1st D.C.A. 1965)”
It is the opinion of this Court that the sixty eight (68) day delay in securing counsel does not automatically render illegal the confession given sixty four (64) days earlier in the absence of a showing that the sixty four (64) days produced the statement.
In view of the fact the confession is the only alleged prejudice resulting from the delay or denial of counsel, this Court feels compelled to affirm the conviction.
It is also contended by the appellant that the trial court erred in imposing separate sentences for facts arising out of the same transaction. This court has previously held in Still v. State, 296 So.2d 67 (Fla. App. 1st, 1974) that separate consecutive sentences could be entered on conviction for robbery and assault with intent to commit a felony, to-wit: robbery, because the “assault charge was a different phase or facet of the robbery charge. ...”
From an examination of the record it is clear that the appellant was a felon in possession of a firearm prior to ever committing the burglary, and was also in possession subsequent to leaving the scene of the burglary, and continued in that capacity until he was taken in custody. Based on this fact, it is clearly two (2) divisable criminal acts which permitted the imposition of separate sentences for each offense.
Accordingly, the order, judgment and sentence appealed herein are affirmed.
BOYER, Acting C. J., and JOHNSON, J., concur.