PER CURIAM.
This cause is before us upon a petition for a writ of mandamus or habeas corpus. Petitioner alleges that the method by which his presumptive parole release date was determined treats his concurrent sentences as if they were consecutive sentences.
Section 947.173, Florida Statutes, provides for an administrative review, upon request, of presumptive parole release date determinations. Petitioner’s failure to assert exhaustion of such administrative rem *310 edy precludes mandamus relief. Houston v. Florida Parole & Probation Commission, 377 So.2d 34 (Fla.1st DCA 1979).
As to the alternative petition for a writ of habeas corpus, the petitioner is presently imprisoned under his initial sentence; the alleged illegality will not cause any further detention until August of 1982. Since the petitioner’s present detention is lawful, ha-beas relief is inappropriate at this time. Mann v. Wainwright, 191 So.2d 867 (Fla.1st DCA 1966).
Accordingly, said petition is denied.
MILLS, C. J., and LARRY G. SMITH and WENTWORTH, JJ., concur.